James Lee **PERCY**, Plaintiff–Appellant,

v.

**SAN FRANCISCO GENERAL HOSPITAL; City and County of San Francisco, Defendants–Appellees.**

No. 87–1849.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 1988.

Decided March 10, 1988.

---

Mark Herrmann, Steinhart & Falconer, San Francisco, Cal., for plaintiff-appellant.

Gerard J. Donnellan, Deputy City Atty., San Francisco, Cal., for defendants-appellees.

Before ANDERSON, NOONAN, Jr. and THOMPSON, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

James Lee Percy appeals from the district court's dismissal of his claim under 42 U.S.C. § 1983 against San Francisco General Hospital and the City and County of San Francisco (collectively referred to as "City"). Percy stated his section 1983 claim in a first amended complaint filed after the statute of limitations had run. The district court determined that the 1983 claim did not "relate back" to the date Percy filed his original complaint. The original complaint set forth only one claim based upon Percy's alleged wrongful termi-

nation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court concluded that under Federal Rule of Civil Procedure 15(c) the section 1983 claim did not arise from the same "conduct, transaction or occurrence" that formed the basis of Percy's Title VII claim, and dismissed the 1983 claim as time barred.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

## FACTS AND PROCEEDINGS

The San Francisco General Hospital, which is operated by the City and County of San Francisco, employed James Lee Percy as an institutional police officer. Percy was fired in May 1983 after his supervisor received complaints that Percy had sexually harassed a female worker. Under the City's civil service regulations, Percy's position at the Hospital was designated a limited tenure appointment. Section 8.331 of the San Francisco Charter provides that "[l]imited tenure appointments may be terminated by the appointing officer for good cause at any time with the approval of the Civil Service Commission." The Civil Service Commission held a hearing and concurred in Percy's termination.

Percy contested his termination by filing a complaint with the Equal Employment Opportunity Commission (EEOC), alleging that his termination was racially motivated. Percy also charged that he was fired in retaliation for having filed two earlier complaints with the EEOC in which he had alleged racially discriminatory employment practices by the Hospital. The EEOC issued Percy a right-to-sue letter on May 31, 1984. It concluded that Percy's discharge was racially motivated and in retaliation for his earlier complaints to the EEOC.

Percy then filed a pro se complaint against the City alleging that his termination was racially motivated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court granted summary judgment in favor of the City. It concluded that there was no dis-puted issue of material fact and that Percy had failed to establish a prima facie case of racial discrimination. In an unpublished memorandum decision, this court reversed the judgment of the district court. We found that despite an order of the district court requiring the appointment of counsel under 42 U.S.C. § 2000e–5(f)(1) to assist Percy in presenting his case, Percy never had the benefit of legal counsel. We concluded that, in opposition to the City's motion for summary judgment, appointed counsel would have submitted affidavits considered by the EEOC, which, along with the EEOC determination, would have been sufficient to create a triable issue of material fact. Consequently, we remanded the case to the district court with instructions that counsel be appointed. We also instructed the appointed counsel to investigate Percy's claims against the City and determine whether Percy's complaint should be amended to allege retaliatory discharge.

Percy's appointed counsel filed a first amended complaint against the City alleging racial discrimination and retaliatory discharge in violation of Title VII. The first amended complaint also stated a claim under 42 U.S.C. § 1983. In the section 1983 claim Percy alleged that he had been denied due process in his Civil Service Commission hearing.

In dismissing Percy's 1983 claim, the district court refused to apply the relation back doctrine of Rule 15(c). It reasoned that the 1983 claim was predicated upon events that occurred at the Civil Service Commission hearing, whereas the Title VII claims were based on independent circumstances concerning Percy's discharge. The Title VII claims were then tried to the court. The trial resulted in a judgment in favor of the City. Percy appeals only the district court's order dismissing his 1983 claim.

## II

## ANALYSIS

A. *Standard of Review*

Percy's appeal presents a standard of review question of first impression in this

circuit. We must decide what standard to apply in reviewing a district court's decision not to apply the relation back doctrine of Federal Rule of Civil Procedure 15(c) to save from dismissal an otherwise time barred claim.

▮ In a somewhat similar situation, when a plaintiff seeks to amend a complaint to add a new defendant or to substitute a defendant for one named in the original pleading, we review for abuse of discretion a district court's decision whether to allow the amendment. *See Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 856 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987); *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir.1984). But in the case now before us, the plaintiff Percy seeks only to add a new claim against the same defendant named in the original pleading. We think this difference is significant, and that our review in a case such as the present one is de novo.

Federal Rule of Civil Procedure 15(c) provides in pertinent part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The second sentence of Rule 15(c) controls relation back of an amendment that seeks to add a new party. In this context, the rule requires the district court to determine whether the party sought to be added has received sufficient notice of the claim to have been given "ample opportunity to pursue and preserve the facts relevant to various avenues of defense." *Korn v. Royal Caribbean Cruise Line*, 724 F.2d at 1400. When the plaintiff seeks to add a new defendant, "[a]voiding prejudice to the party to be added [is] our major objective." *Id.* Thus, the district court is called upon to exercise its discretion in deciding whether the circumstances of a given case are such that it would be unfair to permit the plaintiff to add a new defendant.

When a plaintiff seeks to amend a complaint to state a new claim against an original defendant, however, the district court does not exercise discretion in the way it does when a new defendant is sought to be added. Instead, the court compares the original complaint with the amended complaint and decides whether the claim to be added will likely be proved by the "same kind of evidence" offered in support of the original pleading. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir. 1966). In making this decision, the court considers whether the "allegations of a new theory in an amended complaint ... involve[ ] the same transaction, occurrence, or core of operative facts involved in the original claim." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n. 29 (9th Cir. 1982), *cert. denied*, 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983).

In determining whether the relation back doctrine of Rule 15(c) should be applied when an amendment seeks to add a claim against an existing party, we are in as good a position as the district court to decide whether the "conduct, transaction, or occurrence" test of the Rule has been met. Consequently, we review this question de novo.

Although not previously articulated as such, it appears this standard has been used in other cases in which this issue has been present, but not expressly raised by the parties. *See, e.g., Tiller v. Atlantic Coast Line R.R.*, 323 U.S. 574, 581, 65 S.Ct. 421, 424, 89 L.Ed. 465 (1945) (reinstating district court's decision to allow plaintiff to amend complaint to state additional claim

against defendant because "[b]oth [claims] related to the same general conduct, transaction and occurrence which involved the death of the deceased"); *Santana v. Holiday Inns, Inc.*, 686 F.2d 736, 739 (9th Cir. 1982) (freely reviewing district court's decision to deny leave to amend complaint to add otherwise time barred claim because court concluded that the new claim did not arise out of the same events giving rise to the original complaint).[1]

## B. *Consideration of the Relation Back Doctrine*

■ Percy complains that the district court erred in concluding that his section 1983 claim alleged in his first amended complaint arose out of a set of facts distinct from those supporting his Title VII claim. He argues that because he filed his original complaint without the benefit of legal counsel and on a form obtained from the clerk of the district court, he is entitled to a more lenient construction of his original complaint than the district court gave it. Moreover, Percy asserts that the relation back doctrine of Rule 15(c) should be liberally applied.

The relation back doctrine of Rule 15(c) is a bar to the statute of limitations. *Rural Fire Protection Co. v. Hepp*, 366 F.2d 355, 362 (9th Cir.1966); *see also* Fed.R. Civ.P. 15 advisory committee notes to 1966 amendment ("Relation back is intimately connected with the policy of the statute of limitations."). In deciding whether an amendment to state a new claim against the original defendant is proper, the policies underlying the statute of limitations are implicated. *See Santana v. Holiday*

*Inns, Inc.*, 686 F.2d 736, 738–39 (9th Cir. 1982). Thus, amendment of a complaint is proper if the original pleading put the defendant on notice of the "particular transaction or set of facts" that the plaintiff believes to have caused the complained of injury. *Id.* at 739. Fairness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff. *See, e.g., id.* ("It is apparent from [the plaintiff's] original complaint that [the defendant] was not taken by surprise by the addition of the claim for interference with employment relations."); *see also Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir.1983) (observing that "the Title VII proceedings should have put defendants on notice of the possibility that [the plaintiffs] might bring claims under the Civil Rights Act"), *aff'd*, 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984).

■ In the present case, Percy's original complaint alleged only facts having to do with his claim of racial discrimination in his termination by the Hospital. Nowhere in the complaint did Percy suggest there were defects in the Civil Service Commission proceedings. Percy's original complaint did not provide the City with notice of any defect in the hearing, nor did it apprise the City that there was any reason for it to investigate the Civil Service Commission proceedings or take steps to preserve evidence to defend against Percy's subsequently filed due process claim. *Cf. Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1400 (9th Cir.1984) (explaining that in context of amending complaint to add a new defendant, policy of the statute of limitations requires defend-

---

1. We also note that there are a number of other situations in which the district court's decision rests on its reading of a paper record, and in which the appellate court reviews freely. *See, e.g., James B. Lansing Sound, Inc. v. National Union Fire Ins. Co.*, 801 F.2d 1560, 1564 (9th Cir.1986) (court of appeals reviews interpretation of contract de novo when the evidence before the district court is uncontradicted); *Briney v. Burley (In re Burley)*, 738 F.2d 981, 986 (9th Cir.1984) (this court reviews decision of Bankruptcy Appellate Panel de novo because court of appeals is in as good a position to review underlying bankruptcy court judgment); *Eden Toys, Inc. v. Florelee Undergarment Co.*

*Inc.*, 697 F.2d 27, 35 (2d Cir.1982) (in copyright infringement case, because "the factual question ... depends entirely on visual comparison of exhibits, [the court of appeals is] in as good a position as the district court to judge the originality of the work in question"); *Jack Kahn Music Co., Inc. v. Baldwin Piano & Organ Co.*, 604 F.2d 755, 758 (2d Cir.1979) (explaining that when a district court grants a preliminary injunction without holding an evidentiary hearing, the court of appeals is " 'in as good a position as the district judge to read and interpret the pleadings, affidavits and depositions.' " (citation omitted)).

ant be given ample opportunity to prepare its defense). It is of little moment that Percy's original complaint was filed without the benefit of legal counsel. Even though pro se litigant's complaints typically are to be construed liberally, it is also our rule that a pro se complainant "must identify the civil rights allegedly violated in his complaint." *Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977). Percy's first amended complaint did more than merely change the legal theory on which his action against the City is based. *See Santana,* 686 F.2d at 739. His first amended complaint implicated an entirely new set of actors who are alleged to have injured Percy in a proceeding which occurred subsequent to, and independent of, the events on which Percy based his original Title VII discrimination claim.

In cases in which the relation back doctrine has been applied, the defendant was given adequate notice by the prior pleading of the facts that caused the injury alleged in the amended pleading. *See, e.g., Grattan v. Burnett,* 710 F.2d 160, 163 (4th Cir.1983) ("There is a factual nexus between the discrimination claims ... added by amendment ... and [the plaintiffs'] complaint of arbitrary dismissal.... Both concern the events leading up to their termination ..., and in both the termination was the ultimate wrong of which they complained."), *aff'd,* 468 U.S. 42, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984); *Sessions v. Rusk State Hosp.,* 648 F.2d 1066, 1070 (5th Cir. Unit A June 1981) ("Here the Title VII and section 1981 claims were based on identical facts and identical allegations of discrimination."); *Harkless v. Sweeny Indep. School Dist.,* 554 F.2d 1353, 1359 (5th Cir.) ("For eleven years plaintiffs, alleging the *same* facts, have sought the *same* relief from the *same* defendants. The requested amendments add nothing substantively new to their claim, though, their claim proven, a new form of relief ... becomes appropriate." (emphasis in original)), *cert. denied,* 434 U.S. 966, 98 S.Ct. 507, 54 L.Ed. 2d 452 (1977).

Even the most liberal reading of Percy's original complaint fails to provide the City with notice that, in addition to the circum-stances surrounding his discharge based upon alleged racial discrimination, the City should have been prepared to defend a claim of a denial of due process in a subsequent Civil Service Commission hearing. The two events are entirely different. Although we have stated that the relation back doctrine of Rule 15(c) is to be applied liberally, *see Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d 1240, 1260 n. 29 (9th Cir.1982), *cert. denied,* 459 U.S. 1227, 103 S.Ct. 1234, 75 L.Ed.2d 468 (1983), there must nonetheless be some basis for application of the doctrine. Here there is none.

AFFIRMED.