The TAHOE SIERRA PRESERVATION COUNCIL, INC., et al., Plaintiffs–Appellants,

v.

The TAHOE REGIONAL PLANNING AGENCY, et al., Defendants–Appellees (Two Cases).

Nos. 93–15113, 93–15114.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 1994.

Decided Aug. 10, 1994.

Lawrence L. Hoffman, Hoffman, Lien & Faccinto, Tahoe City, CA, for plaintiffs-appellants.

Gary A. Owen, Crowell, Susich, Owen & Tackes, Carson City, NV,· for defendants-appellees.

Before: NOONAN, and T.G. NELSON, Circuit Judges, and EZRA,* District Judge.

NOONAN, Circuit Judge:

The Tahoe Sierra Preservation Council, Inc. (TSPC) appeals two judgments of the district court, consolidated on this appeal, in favor of The Tahoe Regional Planning Agency (TRPA) and the states of California and Nevada. The cases focus on regulations adopted by the TRPA in its efforts to protect the environment of the Lake Tahoe Basin. The principal issue presented is the effect of a special statute of limitations pleaded in bar of TSPC's actions. We affirm in part, reverse in part and remand for trial.

### PROCEEDINGS

The earlier history of this litigation is set out in *TSPC v. TRPA*, 911 F.2d 1331 (9th Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991), (*TSPC 1* ) involving property owners on the Nevada side of the Lake Tahoe Basin and in *TSPC v. TRPA*, 938 F.2d 153 (9th Cir.1991) (*TSPC 2* ) involving property owners on the California side. In each instance we partially affirmed and partially reversed orders of the district court and remanded. After remand, TSPC filed an amended complaint in each case. TRPA moved to dismiss on the ground that the actions were time-barred.

The basis for TRPA's motions was Article VI(j)(4) of the Compact Between the States of California and Nevada creating the TRPA. The article reads as follows:

A legal action arising out of the adoption or amendment of the regional plan or of any ordinance or regulation of the agency, ... shall be commenced within 60 days after final action by the agency.

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

Only this statute of limitations was pleaded by TRPA.

TSPC's claims related to four separate time periods. The first two are these:

1. On June 25, 1981 TRPA adopted Ordinance 81–5 setting out certain provisional regulations for the use of the affected land. (The 1981 Ordinance).

2. On August 23, 1983 TRPA enacted Resolution 83–21 setting out further provisional regulations. (The 1983 Resolution).

TSPC filed its original complaint, in June 1984, challenging these two actions of TRPA. Two more actions by TRPA followed:

3. On April 26, 1984 Ordinance 81–5 was made permanent by TRPA enacting a Regional Plan (The 1984 Plan). On May 1, 1984, in response to a suit brought by the State of California, the federal court for the Eastern District of California enjoined TRPA from carrying out the plan and *inter alia* from approving any building projects. The district court in our case ruled that this federal injunction prevented the Regional Plan from causing any harm to TSPC.

4. On June 15, 1987 TRPA adopted a new Regional Plan that was "markedly different from the 1984 Plan it replaced." *TSPC I,* 911 F.2d at 1334. (The 1987 Plan). TSPC filed its amended complaints in 1991 and 1992. The district court ruled that the 60–day time limitation barred the amended complaints and that TSPC would not be permitted to relate them back to its 1984 complaints.

Holding that three of the four claims of TSPC were subject to the 60–day statute of limitations and that no harm was caused by the 1984 Plan that had been enjoined, the district court entered judgment for the defendants. TSPC appeals.

## ANALYSIS

■ 1. *Application of the 60–day limitation.* By its terms, the 60–day limitation applies to actions arising out of ordinances enacted by the TRPA. As TSPC made facial challenges to Ordinance 81–5 and Resolution 83–21, its claims accrued on the dates these measures were adopted. *Azul–Pacifico, Inc.*

*v. City of Los Angeles,* 973 F.2d 704, 705 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993). Accordingly, TSPC's takings claims are barred by their failure to have been brought within 60 days of the adoption of the 1981 Ordinance and the 1983 Resolution.

■ Similarly, TSPC's taking challenges to the 1987 Regional Plan, which were included in the amended complaints filed in 1991 and 1992, are equally barred. This court has already determined that the 1987 Plan was markedly different from its 1984 predecessor. *TSPC I,* 911 F.2d at 1333; *TSPC II,* 938 F.2d at 155. Accordingly, the 1987 Plan cannot be considered the same transaction or occurrence as the 1984 plan, within the meaning of Fed.R.Civ.P. 15(c). *Percy v. San Francisco General Hospital,* 841 F.2d 975, 978 (9th Cir.1988). In addition, defendants were not put on notice as to the extent of plaintiffs' claims under the 1987 Plan until four years after that Plan was enacted. Accordingly, amendments containing claims based on the 1987 Plan cannot be treated as relating back to the initial complaint. The takings claims concerning the 1987 Plan which were brought more than 60 days after the cause of action accrued are time-barred.

Plaintiffs argue that in two recent Supreme Court temporary takings cases the regulations at issue were amended during the appeal but in neither case was the plaintiff required to file a new lawsuit. *Lucas v. South Carolina Coastal Council,* —— U.S. ——, ——, 112 S.Ct. 2886, 2891, 120 L.Ed.2d 798 (1992); *First Lutheran Church v. Los Angeles County,* 482 U.S. 304, 313 n. 7, 107 S.Ct. 2378, 2384–85 n. 7, 96 L.Ed.2d 250 (1987). As the regulations in the present case were replaced and not amended, plaintiffs' citations are inapposite.

■ 2. *The § 1983 claim.* TSPC, however, brought one claim under 42 U.S.C. § 1983 for the violation of its civil rights by the actions of TRPA in adopting the 1981 Ordinance, the 1983 Resolution, the 1984 Plan and the 1987 Plan. As to § 1983 it is established law that there is a single state statute of limitation to be applied. *Wilson v. Garcia,* 471 U.S. 261, 275, 105 S.Ct. 1938,

1946–47, 85 L.Ed.2d 254 (1985). As expressed by the Supreme Court, that statute is to apply to "all § 1983 claims." *Id.* at 275, 105 S.Ct. at 1947. All § 1983 claims, of course, include § 1983 claims based on takings. *See Golden Gate Hotel Ass'n v. City and County of San Francisco,* 18 F.3d 1482, 1486 (9th Cir.1994). Obviously, the single state statute of limitations to be applied in all § 1983 actions cannot be the special 60–day period provided by the Compact. The defendants did not plead any other statute of limitations except the 60–day one. Failing to plead affirmatively any other statute of limitations, they cannot now rely on any other. No part of TSPC's § 1983 claim is time-barred.

■ 3. *Causation.* TSPC in its § 1983 claim contended that it was harmed by the 1984 Regional Plan. The district court dismissed this claim on the pleadings because it found that the federal district court's injunction had supervened and inflicted the harm. However, a question of causation is preeminently a question of fact, to be decided after trial. *Lies v. Farrell Lines, Inc.,* 641 F.2d 765, 770 (9th Cir.1981). It was premature to hold that TRPA inflicted no harm because of the injunction. Accordingly, TSPC's § 1983 claim as to the 1984 Plan is also appropriately remanded for further proceedings.

Plaintiffs ask for attorneys' fees, but prematurely; they have not yet achieved any success on the merits.

**AFFIRMED in part, REVERSED in part and REMANDED for further proceedings in accordance with this opinion.**