94 F.3d 652
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alan J. MISHLER, M.D., Plaintiff-Appellant,
v.
NEVADA STATE BOARD OF MEDICAL EXAMINERS, et al., Defendant-Appellee.
 No. 94-17013.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 11, 1996.
Decided Aug. 15, 1996.
 
 Before: BEEZER and HAWKINS, Circuit Judges and QUACKENBUSH,* District Judge.
 MEMORANDUM**
 Alan Mishler appeals the district court's decision to deny his motion for leave to amend his original complaint to add new claims against the Nevada Board of Medical Examiners and its members ("NBOMEX") and the district court's decision to grant NBOMEX's motion for summary judgment. Mishler also challenges the district court's denial of his "Motion for Clarification." We affirm in part and reverse in part.
 I. FACTS
 In 1987, Mishler filed a § 1983 action against the Nevada Board of Medical Examiners and its members in federal district court in Nevada. Mishler alleged a deprivation of due process based on (1) NBOMEX's alleged failure to promptly respond to inquiries concerning the status of Mishler's license to practice medicine in Nevada, (2) NBOMEX's alleged failure to promptly investigate charges against Mishler filed with NBOMEX, and (3) NBOMEX's alleged failure to promptly dismiss the charges or give Mishler a hearing. The district court dismissed Mishler's action for failure to state a claim. Mishler appealed, and we reversed and remanded.
 On remand, NBOMEX filed a renewed 12(b)(6) motion, this time based on qualified immunity. The district court granted NBOMEX's motion. On appeal, we again reversed and remanded.
 
 
 1
 On remand, Mishler moved for leave to amend the original complaint in order to add new claims against the named defendants. The amended complaint asserted three causes of action, which included the claims found in the original complaint and several new causes of action.
 
 
 2
 In December 1993, the district court denied Mishler's motion for leave to amend. The district court concluded that because "the original pleading does not put the opposing party on notice of the substance of what is sought to be added by the amendment," Mishler's new claims did not "relate back" to the original complaint pursuant to Fed.R.Civ.P. 15(c).[1]
 
 
 3
 After the district court denied Mishler's motion for leave to amend, NBOMEX filed a motion for summary judgment on the original complaint, based on qualified immunity. The district court granted NBOMEX's summary judgment motion.
 
 
 4
 After the district court granted NBOMEX's motion for summary judgment, Mishler filed a "Motion for Clarification." Mishler asserted that not all the claims alleged in the original complaint had been addressed by the district court and contended that some claims had survived NBOMEX's summary judgment motion. The district court denied Mishler's motion.
 
 
 5
 Mishler appeals the denial of his motion for leave to amend, the district court's qualified immunity determination, and the district court's denial of his Motion for Clarification.
 
 II. DISCUSSION
 
 6
 A. THE DISTRICT COURT'S DECISION TO DENY MISHLER'S MOTION
 
 FOR LEAVE TO FILE AN AMENDED COMPLAINT
 
 7
 The district court concluded that Mishler's amendments did not relate back to Mishler's original complaint, and thus did not satisfy Fed.R.Civ.P. 15(c). We disagree.
 
 
 8
 The district court erred in applying Fed.R.Civ.P. 15(c) to Mishler's amendments. We held in Cabrales v. County of Los Angeles, 864 F.2d 1454 (9th Cir.1988), vacated, 490 U.S. 1087 (1989), decision reinstated, 886 F.2d 235 (9th Cir.1989), cert. denied, 494 U.S. 1091 (1990), that state relation-back rules and not Fed.R.Civ.P. 15(c) govern § 1983 suits. See id. at 1462-64; see also Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir.1989); Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir.1989).
 
 
 9
 Nevada's relation-back rule is identical in title and substance to Fed.R.Civ.P. 15(c). Nevada R.Civ.P. 15(c) provides that:
 
 
 10
 (c) Relation-back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
 
 
 11
 The Nevada Supreme Court has formulated the following as a guide in interpreting Nevada R.Civ.P. 15(c):
 
 
 12
 If the original pleadings give fair notice of the fact situation from which the new claim for liability arises, the amendment should relate back for limitations purposes. On the other hand, where an amendment states a new cause of action that describes a new and entirely different source of damages, the amendment does not relate back, as the opposing party has not been put on notice concerning the facts in issue.
 
 
 13
 Nelson v. City of Las Vegas, 665 P.2d 1141, 1146 (Nev.1983). This guide has been consistently cited and followed by the Nevada courts. See, e.g., Frances v. Plaza Pacific Equities, Inc., 847 P.2d 722, 726-27 (Nev.1993); Scott v. Department of Commerce, 763 P.2d 341, 345 (Nev.1988). Like the interpretation of Fed.R.Civ.P. 15(c), the interpretation of Nevada's Rule 15(c) has focused on whether the facts alleged in the original complaint give the defendant fair notice of the factual basis of the amendment. Compare Bozelli v. Bozelli, 458 P.2d 356, 356 (Nev.1969) (describing an amendment that properly relates back under Nev.R.Civ.P. 15(c) as "assert[ing] facts that were in existence at [the time of the original complaint]") with Percy v. San Francisco Gen. Hosp., 841 F.2d 975, 980 (9th Cir.1988) (collecting cases in support of proposition that "[i]n cases in which the relation-back doctrine has been applied, the defendant was given adequate notice by the prior pleading of the facts that caused the injury alleged in the amended pleading"), and Santana v. Holiday Inns, Inc., 686 F.2d 736, 739 (9th Cir.1982) (allowing amendment pursuant to Fed.R.Civ.P. 15(c) when original complaint gave defendant "notice of the factual basis" of Plaintiff's amendment).
 
 
 14
 Mishler's amended complaint relates back under Nevada law. Like the original complaint, the amended complaint comprises an attack on NBOMEX's malicious abuse of its own administrative process. NBOMEX was put on notice in the first complaint that its motivations for initiating the disciplinary proceedings and its conduct of the investigation were being challenged by Mishler. It is out of NBOMEX's motivation for initiating disciplinary action and its conduct during the administrative proceedings that the causes of action alleged in Mishler's amended complaint arise.[2]
 
 
 15
 NBOMEX notes that Mishler limited his original complaint to "the procedural rights of the plaintiff" and excluded from the scope of the complaint "the substance of the charges that the Board filed against him in September 1986." NBOMEX argues this limit and exclusion put defendants on notice that Mishler's complaint would not give rise to a claim of liability based on NBOMEX's investigation of the charges against Mishler. The language cited by NBOMEX does not convince us to affirm the district court's decision. Regardless of the label Mishler chose to apply to his claims, his amended complaint, like his original complaint, addresses the integrity of NBOMEX's administrative process.
 
 
 16
 In sum, because we believe the original pleadings gave NBOMEX "fair notice of the fact situation from which the new claim of liability arose," Nelson, 665 P.2d at 1146, we hold that Mishler's amended complaint relates back to his original complaint under Nevada law.
 
 
 17
 B. THE DISTRICT COURT'S DECISION TO GRANT NBOMEX QUALIFIED IMMUNITY
 
 
 18
 Mishler contends that the dissemination of license-status reports is a ministerial duty, and thus the Nevada Board members are not entitled to immunity from suits that challenge the execution of that duty. Even if the challenged duties are not ministerial, Mishler argues that NBOMEX cannot satisfy the three-part qualified immunity test. Because we agree that NBOMEX cannot satisfy the three-part qualified immunity test, we reverse.[3]
 
 
 19
 In determining whether an official is entitled to qualified immunity, we (1) identify the specific right allegedly violated, (2) determine whether the law governing the right was clearly established at the time the official acted, and (3) determine whether under that law a reasonable state official could have believed his or her conduct was lawful. See Newell v. Sauser, 79 F.3d 115, 117 (9th Cir.1996); Kelley v. Borg, 60 F.3d 664, 666 (9th Cir.1995).
 
 
 20
 Mishler's original complaint alleged the malicious deprivation of his constitutionally-protected property right to obtain official verification of the existence of his license.[4] We held in Stivers v. Pierce, 71 F.3d 732 (9th Cir.1995), that "the law is clearly established that the members of a licensing tribunal must be impartial and cannot act on the basis of personal bias." Id. at 750.[5] The alleged deprivation that forms the basis of Mishler's original complaint fits comfortably within the clearly established right described in Stivers. Moreover, no reasonable state official could reasonably believe that malicious deprivation of license verification was lawful. Thus, we reverse the district court's qualified immunity determination.
 
 C. MISHLER'S MOTION FOR CLARIFICATION
 
 21
 We affirm the district court's determination that the claim not addressed by the court's decision to grant NBOMEX's motion for summary judgment had been disposed of in an earlier proceeding. The district court accurately noted that Mishler's original complaint asserted two violations: (1) the breach of Mishler's right to a prompt response to the Ohio Board's request for information, and (2) the prompt initiation and notice of charges. The first alleged violation was the subject of the court's summary judgment decision. The second had been considered as part of the first 12(b)(6) motion granted in this case. The district court concluded that when we reversed the 12(b)(6) motion as to the first claim for relief, we left undisturbed the district court's decision to dismiss the second claim for relief. Because the district court correctly noted that the focus of our prior decisions on appeal was Mishler's right to prompt verification of license status and not his alleged right to prompt investigation and notification of the charges against him, we affirm the district court's denial of Mishler's Motion for Clarification.
 
 III. CONCLUSION
 
 22
 We reverse the district court's relation-back determination and the district court's qualified immunity findings. We affirm the district court's denial of Mishler's Motion for Clarification.
 
 
 23
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each party to bear its own costs. Both parties' requests for attorney's fees under 42 U.S.C. § 1988 are denied.
 
 
 
 *
 Honorable Justin L. Quackenbush, Senior United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court also noted that Mishler's new claims fell outside the two-year statute of limitations period applicable to § 1983 actions brought in Nevada and held that Mishler's pursuit of administrative remedies did not toll the limitations period. Because we conclude that Mishler's amended complaint did relate back to his original complaint, we do not address the statute of limitations issue
 
 
 [2]
 In a similar case, we held that the plaintiff's amended complaint did not relate-back under Fed.R.Civ.P. 15(c) because, unlike in this case, the original and amended complaints did not both focus on the administrative process. In Percy v. San Francisco Gen. Hosp., 841 F.2d 975 (9th Cir.1988), we concluded that:
 [Plaintiff's] original complaint alleged only facts having to do with his claim of racial discrimination in his termination by the Hospital. Nowhere in his complaint did [plaintiff] suggest there were defects in the Civil Service Commission proceedings. [Plaintiff's] original complaint did not provide the City with notice of any defect in the hearing, nor did it apprise the City that there was any reason for it to investigate the Civil Service Commission proceedings or take steps to preserve evidence to defend against [plaintiff's] subsequently filed due process claim.
 Id. at 979. In this case, the original complaint did put NBOMEX on notice that the integrity of its administrative proceedings was being challenged.
 
 
 [3]
 Because NBOMEX does not meet the qualified immunity requirements, we do not address the ministerial duty exception
 
 
 [4]
 Neither Mishler nor NBOMEX challenges the description of the right at issue. Although Mishler made other allegations in addition to the one outlined above, only the license verification allegation was the subject of the district court's qualified immunity determination
 
 
 [5]
 Although Stivers was decided after Mishler filed his complaint, the cases on which we relied in concluding that the right to impartial action by a licensing tribunal was clearly established, namely Withrow v. Larkin, 421 U.S. 35 (1975), and Gibson v. Berryhill, 411 U.S. 564 (1973), were decided long before Mishler brought his action and before NBOMEX took the actions at issue in this case