**Willow P. THAMES, Plaintiff–Appellant,**

v.

**LVH CORP., Defendant–Appellee.**

No. 04–17290.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 12, 2006.

Willow P. Thames, Las Vegas, NV, pro se.

Anthony Martin, Mark J. Ricciardi, Esq., Fisher & Phillips LLP, Las Vegas, NV, for Defendant–Appellee.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Willow P. Thames appeals the District Court's order dismissing her fifth claim for relief as barred by the applicable statute of limitations and the District Court's order granting LVH's motion for summary judgment as to her remaining four claims.

The District Court committed no error in dismissing Thames's fifth claim for relief as untimely. The claim, which alleged that Thames was terminated for engaging in union activity, was not filed within six months of the arbitrator's decision finding that Thames was terminated for just cause. *See* 29 U.S.C. § 160(b); *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 155, 103 S.Ct. 2281, 2285, 76 L.Ed.2d 476 (1983). Furthermore, it did not relate back to the date of her original complaint. *See* Fed.R.Civ.P. 15(c); *Percy v. San Francisco,* 841 F.2d 975, 979–80 (9th Cir. 1988). Accordingly, it was time-barred.

Likewise, the District Court committed no error in granting summary judgment in favor of LVH as to each of Thames's remaining claims. In reviewing a district court's decision to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party and determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Summary judgment in LVH's favor was appropriate. In response to LVH's properly filed motion for summary judgment, Thames submitted no affirmative admissible evidence establishing a triable issue of fact as to any of her claims. Accordingly, LVH was entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Leer v. Murphy,* 844 F.2d 628, 631 (9th Cir.1988); *see also Orr v. Bank of America, NT & SA,* 285 F.3d 764, 773 (9th Cir.2002) (party opposing summary judgment cannot establish triable issue of fact by relying on inadmissible evidence or unauthenticated documents).

Finally, to the extent that Thames requested that the District Judge recuse himself, the request was properly denied. Thames never filed a formal motion for recusal, but instead merely included a request for recusal as an attachment to her opposition to LVH's motion for summary judgment. In any event, even if this constituted a motion for recusal, the motion was not raised in a timely fashion. *See United States v. Rogers,* 119 F.3d 1377, 1382 (9th Cir.1997); *E. & J. Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1295 (9th Cir.1992).

**AFFIRMED.**