IN RE: Joe Paul DIBENEDETTO, aka Joseph P Di Benedetto aw Jalx Inc. dba Crème De La Crème Bakery, Debtor(s).

Frontier Homes, LLC, a California limited liability company, Plaintiff(s),

v.

Joe Paul DiBenedetto, aka Joseph P. DiBenedetto, an individual, Defendant(s).

Case No.: 6:15–bk–16487–MJ
Adv No: 6:15–ap–01272–MJ

United States Bankruptcy Court, C.D. California, **Riverside Division.**

Date: August 11, 2016, Time: 10:00 AM, Place: Courtroom 301

Submission Date: September 8, 2016

Filed 11/09/2016

Joseph L. Borrie, J. L. Borrie & Associates, Riverside, CA, for Debtor(s).

Jesse S. Finlayson, Finlayson Toffer Roosevelt & Lilly LLP, Irvine, CA, for Plaintiff(s).

Joe Paul DiBenedetto, pro se.

Eric S. Pezold, Costa Mesa, CA, for Defendant(s).

## MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION TO AMEND COMPLAINT

Meredith A. Jury, United States Bankruptcy Judge

Plaintiff Frontier Homes, LLC, filed a motion to amend its complaint for nondischargeability of debt against debtor Joe Paul DiBenedetto on July 21, 2016, which was opposed by debtor and heard by the court on August 11, 2016. At the hearing, the court announced its tentative decision to deny the amendment for futility on two separate grounds: first, because the claim for relief which Frontier wished to assert in the amended complaint was barred by the applicable state law statute of limitations for the tort claim of malicious prosecution, as required by <u>Lockerby v. Sierra</u>, 535 F.3d 1038 (9th Cir. 2008); and second, because the amendment stated an entirely new claim for relief which was untimely per the bar date established by Rule 4007(c).[1]

Frontier argued against the court's tentative ruling, in part because the application of <u>Lockerby</u> referenced in the court's decision had not been briefed by the parties. For that reason, the court allowed the parties to present supplemental briefs on that issue, with Frontier's brief due on August 25, 2016, and any further opposition from debtor due on September 8, 2016, with both briefs being at the option of the party. Frontier filed it supplemental brief timely; debtor did not file any further papers. The matter is now ready for decision.

As discussed below, Frontier's supplemental brief was correct that the strict

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

application of <u>Lockerby</u> would not create a statute of limitations bar to the filing of a nondischargeability action where a debt was established as the result of an affirmative action filed by the creditor/plaintiff in state court prior to the bankruptcy. However, under the facts of this case, where the "debt" which the amended complaint seeks to establish as nondischargeable was awarded to Frontier as a defendant under a fee shifting statute in the California Labor Code, the court still rules that amendment to the complaint is untimely under the state statute of limitations for prosecution of a malicious prosecution action and therefore is futile. Moreover, because the proposed amendment not only states a new ground for § 523(a)(6)nondischargeability (malicious prosecution), but also is based on an entirely different factual nexus than that involved with the ground initially asserted for nondischargeability (defamation), the amendment violates the bar set by Rule 4007(c) and the amendment is futile for that additional reason. The motion is denied. The reasons for the court's ruling are set forth below; this memorandum shall constitute the court's findings of fact and conclusions of law as allowed by Rule 7052.

## BACKGROUND [2]

Debtor was employed as Chief Financial Officer of Frontier under an at will contract in September 2003. During the course of his employment, Frontier learned that debtor had been involved in a civil action for embezzlement at a previous job, litigation not fully disclosed by debtor when he applied for the job. After that litigation was settled, criminal charges were filed against debtor, to which he pled guilty, resulting in probation with condi-

tions. In 2005 Frontier was trying to expand its business through the issuance and public sale of corporate bonds which required an audit by a recognized accounting firm. This accounting firm, Ernst & Young, would not perform the audit so long as debtor was CFO. As a result, debtor's job title was changed to Corporate Controller in the spring of 2005.

Debtor's job performance was spotty at best. Although he had the training and talent to perform adequately, he often did not do so, arriving late at work, taking care of private business on company time, and being inattentive to the company's needs. Several corporate officers and managers urged Jimmy Previti, the company President, to terminate debtor, which Previti was at first reluctant to do. Performance evaluations of debtor showed negative reviews and by the fall of 2005, he saw "the handwriting on the wall" and began telling co-workers that he was going to hold on until January 2006 to get his last bonus check and would sue Frontier if they fired him. His attendance became even more erratic in December and by approximately December 8 or 9, 2005, the company decided to terminate him. Notice of that termination was accomplished by a Federal Express message left at his home sometime in December. In April 2006, debtor contacted the auditors and falsely advised them that Frontier was the defendant in six civil actions, including one for sexual harassment against Previti.

True to his word, in January 2006 debtor filed an action in San Bernardino Superior Court for wrongful termination and California Labor Code violations. The court ordered the matter to arbitration under the arbitration provisions in debtor's employment contract. Debtor's claim initi-

---

**2.** The court has drawn from the Award issued in the American Arbitration Association proceeding as well as the allegations in the original complaint for much of the factual background.

ating the arbitration was based on the Superior Court complaint. Frontier filed a cross claim for defamation based on the false reporting to the auditors described above. The arbitration took place in July 2007 and resulted in an Interim Award from the arbitrator dated September 18, 2007. The Interim Award found against debtor on all of his claims and in favor of Frontier on its defamation claim, awarding it $15,000 in actual damages and $120,000 in punitive damages. The Interim Award also stated that the arbitrator would consider a fee shifting motion from Frontier under California Labor Code § 218.5 and invited such motion. Frontier filed the motion, which resulted in an award of $327,351 for attorney's fees and expenses.

Based on the findings and conclusion in the Interim Award, the arbitrator issued a Final Award with damages and fees as found. On April 14, 2008, the San Bernardino Superior Court confirmed the arbitration award and entered judgment against the debtor for $15,000 in compensatory damages, $120,000 in punitive damages, and $327,351 in attorney's fees awarded under Labor Code § 218.5. This judgment was timely renewed, with interest added at the state legal rate.

On June 26, 2015, debtor filed a chapter 7 petition and listed the judgment debt to Frontier in Schedule F. Frontier filed a timely complaint for nondischargeability, alleging that the entire amount of the judgment was excepted from discharge under the willful and malicious grounds found in § 523(a) (6). The complaint repeated many of the factual findings made in the Interim Award but sought relief only under the charging allegations in paragraphs 37 and 38:

37. Based on the allegations, the Debtor willfully, maliciously, and intentionally injured Frontier by making false and defamatory statements about Frontier to its auditor, Ernst & Young.

38. Based on the foregoing, Frontier's judgment against the Debtor should be excepted from the Debtor's discharge in this case pursuant to section 523(a)96) of the Bankruptcy Code.

As scheduled by the court, the parties filed cross motions for Summary Judgment, heard on June 16, 2016. Relying on issue preclusion, Frontier asserted the entire judgment was excepted from discharge under § 523(a) (6), arguing that the factual findings of the arbitrator in the Interim Award established the necessary elements for a willful and malicious injury under the standards developed by the caselaw, in particular Kawaauhau v. Geiger, 523 U.S. 57, 61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) and Carrillo v. Su (In re Su), 290 F.3d 1140, 1146 (9th Cir. 2002). Debtor did not dispute that the compensatory damages and punitive damages based on the defamation findings were excepted from discharge, tacitly acknowledging that the defamation was willful and malicious and the resulting damages would not be discharged. However, debtor in his cross motion and in defense of Frontier's motion asserted that the attorney's fees were discharged because they were not awarded for the tortious conduct alleged in the cross claim, defamation, but rather were awarded under the fee shifting provisions of the Labor Code when Frontier, as defendant, prevailed on debtor's wrongful termination claims.

At the hearing, the court denied debtor's motion out of an abundance of caution, led to believe by Frontier that the attorney's fees might be a measure of damages under a claim for malicious prosecution, which Frontier asserted was supported by the arbitrator's findings pled in the adversary

complaint.[3] It granted Frontier's motion in part, as to the undisputed compensatory and punitive damages based on defamation, but denied it in part as to the attorney's fees. A colloquy took place in open court at the conclusion of that hearing during which the court said it would entertain Frontier's motion to amend its complaint to assert a claim which could deem the attorney's fees nondischargeable. The court did not opine on whether such motion could be granted. This motion for leave to amend followed.

### Motion for Leave to Amend

When Frontier filed its motion for leave to amend on July 21, 2016, it argued that it was not adding a new claim, but rather was only seeking to "clarify" its original claim so that it would be clear it was always seeking damages for malicious prosecution. It argued that because the original complaint had included factual findings from the Interim Award, criticizing the behavior of the debtor in filing the wrongful termination lawsuit in the first place, malicious prosecution had really been pled from the beginning. In making these arguments, Frontier brushed over the comments of the court at the Summary Judgment hearing after its attention had been directed to paragraphs 37 and 38. The court had already found that these operative paragraphs of the complaint, which sought relief only for defamation, were inadequate to support a malicious prosecution ground for relief.

The motion discussed the factors to be considered by the court on a motion for leave to amend under Rule 15, as those factors had been delineated in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The factors to be considered in determining the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. Frontier submitted there was no showing of bad faith; the delay was short since it only learned of its need to amend at the Summary Judgment hearing; the debtor was not prejudiced because the allegations in the original complaint from the arbitrator's Interim Award put the debtor on notice that Frontier was seeking damages for malicious prosecution; and because the claim was a valid amendment, it was not futile.

The debtor's opposition concentrated on the futility element, asserting that since Frontier had not pursued a claim for malicious prosecution in state court after the arbitration proceeding had been decided in its favor, the state statute of limitations had long passed. The debtor emphasized that because the state law tort of malicious prosecution could not have been and was not tried at the arbitration, Frontier was now barred from asserting it for the first time in the bankruptcy court. The debtor also asserted he was prejudiced because Frontier employed a tactical litigation strategy to pursue nondischargeability only on the claim for which it could seek issue preclusion—the defamation claim—and now he must prepare for a totally new claim and new trial on different facts.[4]

---

**3.** The first time the court became aware of the malicious prosecution claim was in the reply papers filed by Frontier for its Summary Judgment motion. In retrospect, the court should have granted debtor's summary judgment motion.

**4.** The debtor also asserted that Frontier was barred by judicial estoppel from bringing a

new claim. The court rejected that argument out of hand because it had not adopted a prior inconsistent position of Frontier in making a final decision. An alternative theory for relief is not an inconsistent position and no final decision had been rendered. This memorandum will not discuss judicial estoppel further.

In its reply, Frontier argued again that because the factual findings of the arbitrator about the debtor's bad motives in filing the wrongful termination action had been alleged in the complaint, it did not need to assert a new claim for malicious prosecution; it only needed to show that the judgment it had obtained was a result of willful and malicious conduct by the debtor. Frontier specifically asserted that it did not need to prove the elements of malicious prosecution; the arbitrator's findings were sufficient to show willful and malicious behavior.

It was this assertion by Frontier in its reply that caused this court to focus on the holding of Lockerby: in order to assert an exception to discharge under § 523(a)(6) plaintiff must plead and prove a state law tort. Frontier had argued to the contrary in its reply. However, in its supplemental brief, Frontier implicitly conceded that Lockerby did require it to plead and prove the state law tort of malicious prosecution. Accordingly, it shifted its argument to argue why pleading this new claim was not timed barred. As a consequence, this court's review of the applicable authorities has expanded, as discussed below. The outcome, however, remains the same.

### Legal Analyses

1.  State law statute of limitations

Rule 7015 (incorporating F.R.Civ.P 15) provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

■ The factors to be considered to determine the propriety of a motion for leave to amend are (a) bad faith, (b) undue de-lay, (c) prejudice to the opposing party, and (4) futility of amendment. Foman, 371 U.S. at 182, 83 S.Ct. 227. Because the court decides this motion on the fourth factor only, futility, the other factors need not be discussed in this analysis.

■ Futility alone is sufficient to deny leave to amend. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2003). Where the legal basis for a claim for relief is tenuous, such that a motion to dismiss would be granted, futility supports the refusal to grant leave to amend. Id.

As a preliminary matter, as noted above the court does not consider the proposed amended complaint to be a mere "clarification" of the original complaint. Very specifically, the tort pled to support non-dischargeability under § 523(a) (6), as required by Lockerby, is set forth in paragraphs 37 and 38, the tort of defamation. Frontier now seeks to assert a new tort, that of malicious prosecution, as a means of establishing that the award of attorney's fees is also nondischargeable, despite the fact the fees were awarded because Frontier prevailed as the *defendant* on the wrongful termination claims. Accordingly, the court must first focus on whether assertion of this new claim is time barred by the state statute of limitations set forth in Cal. Code of Civ. Pro. § 340, which is one year from the date of discovery. That time deadline would have expired sometime in 2009.

Frontier asserts that under Brown v. Felsen, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), Lockerby, and other Ninth Circuit authorities discussed below, a plaintiff in a bankruptcy adversary proceeding to except a debt from discharge need only have "established the debt" under state law prior to the bankruptcy; only the dischargeability of the debt need be determined by the bankruptcy court.

This is a correct statement of the general law. The Ninth Circuit has adopted the "*McKendry* test" from the 10th circuit, so the Court's discussion begins with that case.

The 10th Circuit in <u>Resolution Trust Corp. v. McKendry (In re McKendry)</u>, 40 F.3d 331 (10th Cir. 1994) determined that there are two distinct issues to consider in the dischargeability analysis: first, the establishment of the debt itself, which is subject to the applicable state statute of limitations; and, second, a determination as to the nature of that debt, an issue within the exclusive jurisdiction of the bankruptcy court and thus governed by Bankruptcy Rule 4007. <u>Id.</u> at 337, adopted by the Ninth Circuit in <u>Lee–Benner v. Gergely (In re Gergely</u>, 110 F.3d 1448 (9th Cir. 1997) and <u>Banks v. Gill Distribution Centers, Inc. (In re Banks)</u>, 263 F.3d 862 (9th Cir. 2001). Whereas <u>McKendry</u> might have implied that the state court debt must be reduced to judgment, <u>Banks</u> clarified that was unnecessary:

> The questions before us are whether the state court action was timely filed, and whether the filing of that action without reducing it to judgment, was sufficient to establish a debt for purposes of the <u>McKendry</u> test. We hold that the state court action was timely filed and that it was sufficient to establish a debt for the purposes of the <u>McKendry</u> test. . . .Nothing under the Bankruptcy Code requires a debt to have been reduced to a pre-petition state court judgment. <u>Banks</u>, 263 F.3d at 868.

If the attorney's fees part of the "debt" which Frontier seeks to be nondischargeable had been asserted by Frontier as a plaintiff in the non-bankruptcy proceeding, such as was the case in <u>Lockerby</u>, <u>Gergely</u>, <u>Banks</u>, <u>Brown v. Felsen</u>, and <u>McKendry</u>, the issue of the state law statute of limitations would have been decided in Fron-

tier's favor. However, this court sees a distinct difference between the attorney's fees award here and the "debts" which were at issue in those cases.

The arbitrator tried two cases: (a) debtor's case which was based on the seven claims for relief in the Superior Court complaint asserting wrongful termination and violation of several provisions of the California Labor Code; and (b) Frontier's cross claim for defamation. The Interim Award set forth factual findings which supported that Frontier had not wrongfully terminated debtor and had committed no violations of the California Labor Code. It also delineated simple factual findings that debtor had defamed Frontier when he told the auditors that six civil cases were pending against it, one a sexual harassment claim against Previti. As damages for the defamation, the arbitrator awarded compensatory and punitive damages. Based on the fee shifting provisions found in California Labor Code § 218.5 in effect in 2006, he awarded the attorney's fees to Frontier as *defendant* on debtor's failed claims.

To award the attorney's fees to Frontier, no findings of wrongful conduct were required. Labor Code § 218.5 mandates fee awards to prevailing parties in a wage and hour lawsuit. The version of the code operative in 2006 provided:

> In any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action.

Because debtor had requested attorney's fees when he filed the Superior Court case, the reciprocity provision came into play; when Frontier defeated his claims, its right to fees was mandatory. In 2010 the

statute was amended, effective July 1, 2012, to add the following sentence:

. However, if the prevailing party in the court action is not an employee, attorney's fees and costs shall be awarded pursuant to this section only if the court finds that the employee brought the court action in bad faith.

Therefore, the award of fees to Frontier in 2006 was mandatory and did not imply that debtor had conducted his litigation in bad faith or with malice. Statements by the arbitrator in the Interim Award which implied otherwise were stray and unnecessary because they did not support any of the legal conclusions or awards of the arbitrator.

In the cases cited above—which state that a state statute of limitations is not a bar to nondischargeability litigation where the debt was established prior to the filing of the bankruptcy petition—the debt they spoke of was for damages awarded to a plaintiff who had pursued an affirmative claim against the debtor arising from the same nexus of facts which later was being used to prove nondischargeability. In Brown v. Felsen, the bankruptcy judgment creditor had cross claimed against the debtor based on indemnification for damages arising from a guarantee, which guarantee created the creditor's liability to a bank. Although the settlement which resolved that cross claim in the creditor's favor did not delineate the legal claim resolved by the judgment, the creditor was suing for fraud in the bankruptcy court based on the same factual nexus which resulted in the debt to him. Id. 442 U.S. at 129–130, 99 S.Ct. 2205. In Lockerby, the debt asserted was based on a breach of contract claim and the issue before the court was whether the creditor could establish an intentional tort to support the exception from discharge of that same debt. Lockerby, 535 F.3d at 1041.

Similarly, in Banks the creditor within the state statute of limitations had sued to establish the debt arising from the debtor's nonperformance of a settlement agreement and sought to find the debt arising from that nonperformance was nondischargeable in bankruptcy. Banks, 263 F.3d at 866–867. Recognizing the debt was the same as that arising from the affirmative actions of the creditor prepetition, the Banks court observed the creditor was not asserting a new ground for recovery, only that the recovery was not discharged. Finally, in Gergely as plaintiff the creditor had obtained a judgment for medical malpractice and wished to establish the same factual events encompassed fraud and an exception to discharge for that debt. Gergely, 110 F.3d at 1453.

The debt Frontier attempts to assert is nondischargeable is the award of attorney's fees which it received as *defendant*, not because it filed a claim against the debtor in the arbitration. The entire concept of saving a state statute of limitations is inapposite here, since there is no statute involved in defending a lawsuit. In fact, the alleged factual basis for the claim here, malicious prosecution, did not even exist at the time the arbitration was prosecuted. A cause of action for malicious prosecution cannot arise under California law until the new plaintiff has been successful in defending prior litigation, here, the entry of judgment in its favor on the debtor's claims. What Frontier seeks to except from discharge in its proposed amended complaint is not the debt it established as plaintiff prior to bankruptcy (and therefore saved the state statute), but an entirely new debt which could be awarded only after the arbitration had concluded. Here, it is argued that a measure of damages for a victory on a malicious prosecution claim might well be those same attorney's fees;[5]

---

5. The scope of a damage award for malicious

prosecution has not been briefed and certain-

this court finds such award is not the same "debt."

■ Because the debt was not preserved in the non-bankruptcy forum litigation, the one year statute of limitations for malicious prosecution ran long before this chapter 7 was filed. As such, amendment would only add a new claim which was timebarred. For this reason, the motion to amend is denied as futile.

### 2. Bankruptcy Rule Time Bar

As discussed at length above, the timely filed adversary in this case asserted a claim for exception from discharge under § 523(a)(6) for the state law tort of defamation. The proposed amended complaint seeks to assert a § 523(a)(6) claim based on the state law tort of malicious prosecution. Since this is an entirely new claim, only if this claim relates back to the claim in the original complaint will the adversary claim be timely under Rule 4007(c), which requires that § 523(a)(2), (4), or (6) complaints must be filed within 60 days of the initial date set for the § 341(a) meeting, in this case September 28, 2015.

■ Whether an amended pleading will relate back to the date of an earlier filing is established by F.R.Civ.Pro 15(c)(1). The relation back doctrine of Rule 15 is a bar to the statute of limitations. <u>Rural Fire Protection Co. v Hepp</u>, 366 F.2d 355, 362 (9th Cir. 1966). A new claim asserted in an amended pleading "relates back" if it arises from the same "conduct, transaction, or occurrence" as the original claim. <u>Dominguez v Miller (In re Dominguez)</u>, 51 F.3d 1502, 1509 (9th Cir. 1995). A key test for assessing the "same conduct, transaction or occurrence" standard is whether "the claim to be added will likely be proved by the 'same kind of evidence'

ly was not argued in the arbitration.

offered in support of the original pleading." <u>Id.</u> at 1510 quoting <u>Percy v San Francisco Gen. Hosp.</u>, 841 F.2d 975, 978 (9th Cir. 1988).

■ Here, the amendment did not arise out of the conduct, transaction or occurrence originally pled because only defamation was pled and the malicious prosecution claim was based on an entirely different factual nexus. The facts related to the defamation were narrow: the debtor sent the letter about the nonexistent lawsuits to the auditor in April 2006. As noted above, facts which would support malicious prosecution are entirely different. This claim does not relate back.

As a consequence, the claim for relief to be asserted in the amended complaint would be time barred by Rule 4007(c) and such amendment would be futile. The motion for leave to amend is denied on this additional ground.

### Conclusion

The motion for leave to amend is denied and the court will prepare an order to that effect. In the Summary Judgment rulings, the court concluded that only the compensatory damages and the punitive damages are excepted from discharge. No other affirmative relief can be awarded to Frontier. Therefore, after the denial order is entered, the court requests Frontier to submit a judgment in its favor for the allowed nondischargeable damages.