**WALTER W. JOHNSON COMPANY, a corporation, Appellant,**

v.

**RECONSTRUCTION FINANCE CORPORATION, Appellee.**

No. 14122.

United States Court of Appeals
Ninth Circuit.

Feb. 10, 1956.

Rehearing Denied March 22, 1956.

Edwin Sprague Pillsbury, Joseph R. Creighton, San Francisco, Cal., for appellant.

Brobeck, Phleger & Harrison, Theodore R. Meyer, San Francisco, Cal., R. L. Meyer, Los Angeles, Cal., R. L. Miller, Samuel L. Holmes; St. Clair, Connolly & Cerini, Floyd B. Cerini, San Francisco, Cal., for appellee.

Before MATHEWS and CHAMBERS, Circuit Judges, and BYRNE, District Judge.

MATHEWS, Circuit Judge.

On June 28, 1949, in the District Court for the Northern District of California, appellee, Reconstruction Finance Corporation, an agency of the United States, brought an action against Tuolumne Gold Dredging Corporation, a Delaware Corporation, hereafter called Tuolumne, and others. One of Tuolumne's codefendants was appellant, Walter W. Johnson Company, a Nevada corporation.

The complaint was in two counts.[1] Appellant filed an answer containing five counterclaims.[2] Appellee filed a reply[3] and an amended reply.[4] Thereafter, on October 7, 1952, pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28

---

1. The counts were called causes of action.

2. The five counterclaims were sometimes referred to as one counterclaim containing five "causes of counterclaim."

3. The reply was called an answer.

4. The amended reply was called an amended answer.

U.S.C.A., 68 interrogatories were served on appellant by appellee.[5] On October 17, 1952, answers to the interrogatories were served on appellee by appellant.[6] On November 4, 1952, pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a request for 21 admissions was served on appellant by appellee.[7] In the request, appellee designated, as the time for such admissions, 10 days after service of the request. The District Court did not allow any longer time. Appellant did not, within the time designated, serve the sworn statement or the written objections mentioned in Rule 36(a).[8] Thus, on November 14, 1952—10 days after service of the request—appellant, in effect, admitted each of the matters of which an admission was requested.[9] On November 20, 1952, appellant filed a deposition of its president; appellant and appellee filed an agreed statement of facts; and appellee, pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed a motion for a summary judgment dismissing the counterclaims. Opposing the motion, appellant filed three affidavits on March 2, 1953, and one affidavit on March 3, 1953.

Thereafter the District Court heard the motion, filed an opinion,[10] granted the motion and rendered a summary judgment which adjudicated (by dismissing) the counterclaims, but did not adjudicate appellee's claims. The judgment was entered on June 19, 1953. Appellant took an appeal therefrom on August 18, 1953. However, the judgment was not then final or appealable, the District Court having failed to make the express determination and to give the express direction mentioned in Rule 54(b) of the Federal Rules of Civil Procedure. Accordingly, on June 2, 1955, we dismissed the appeal taken on August 18, 1953.[11]

On September 14, 1955, after our mandate went down, the District Court made the express determination and gave the express direction mentioned in Rule 54 (b). The judgment was accordingly entered on September 17, 1955, and thus became final and appealable. Appellant took an appeal therefrom on September 20, 1955.

In granting the motion for a summary judgment dismissing the counterclaims, the District Court impliedly held that the pleadings, deposition [12] and admissions on file,[13] together with the affidavits, showed (1) that, with respect to the counterclaims, there was no genuine is-

5. The original interrogatories were transmitted to our clerk by the clerk of the District Court and are part of the record here. An endorsement on them indicates that they were served on October 3, 1952. However, a stipulation of the parties (appellant and appellee) filed on December 8, 1953, stated that they were served on October 7, 1952. We accept that statement as correct.

6. The answers to interrogatories were not filed until December 8, 1953. However, the stipulation mentioned in footnote 5 stated that the answers to interrogatories were served on October 17, 1952; that, through inadvertence, they were not then filed; but that they were treated by the parties as having been filed; and that they might be forthwith filed and made part of the record. They were so filed and are part of the record here. An endorsement on them indicates that they were served on October 17, 1952, as stated.

7. The original request was transmitted to our clerk by the clerk of the District Court and is part of the record here. An endorsement on it indicates that it was served on October 31, 1952. However, the stipulation mentioned in footnote 5 stated that the request was served on November 4, 1952. We accept that statement as correct.

8. On December 1, 1952, a document entitled "Answers to Requests for Admissions" was served on appellee by appellant. However, that document, having been served long after the expiration of the time designated in the request, need not be considered.

9. See Rule 36(a), supra.

10. Reconstruction Finance Corp. v. Tuolumne Gold Dredging Corp., D.C.N.D. Cal., 137 F.Supp. 855.

11. Walter W. Johnson Co. v. Reconstruction Finance Corp., 9 Cir., 223 F.2d 101.

12. The deposition of appellant's president was the only one filed.

13. The admissions on file obviously included the admissions in the agreed statement

sue as to any material fact, and (2) that appellee was entitled, as a matter of law, to a judgment dismissing the counter-claims.[14] We agree with that holding and would agree with it even if (contrary to our view) the admissions on file did not include the admissions in the answers to interrogatories or the admissions of appellant on November 14, 1952.[15]

On the grounds and for the reasons stated in the District Court's opinion,[16] the judgment is affirmed.

of facts and, we think, included the admissions in the answers to interrogatories and the admissions of appellant on November 14, 1952.

**14.** See Rule 56(c) of the Federal Rules of Civil Procedure.

**15.** See footnote 13.

**16.** Reconstruction Finance Corp. v. Tuolumne Gold Dredging Corp., *supra.*