**TAHOE–SIERRA PRESERVATION COUNCIL, INC., a California non-profit corporation and membership organization, et al., Plaintiffs–Appellants,**

v.

**TAHOE REGIONAL PLANNING AGENCY, a separate legal entity created pursuant to an interstate compact between the State of California and Nevada; Voting Members of the Governing Body of the Tahoe Regional Planning Agency, including Tony Clark, Chester A. Gibbs, Alexander Haagen III, Stan Hansen, Thomas Hsieh, James King, Robert Pruett, James S. Reed, Larry Sevison, Thomas Stewart, William D. Swackhamer, Peggy Twedt, Roland D. Westergard, and Norman C. Woods; State of Nevada; State of California, Defendants–Appellees.**

No. 87–2096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 1991.
Decided July 8, 1991.

Lawrence L. Hoffman, Lien & Faccinto, Tahoe City, Cal., for plaintiffs-appellants.

Gary A. Owen, Crowell, Susich, Owen & Tackes, Carson City, Nev.; Carla J. Caruso, Richard M. Skinner and Richard M. Frank, Deputy Atty. Gen., Sacramento, Cal., for defendants-appellees.

Before BEEZER, NOONAN and FERNANDEZ, Circuit Judges.

BEEZER, Circuit Judge:

Tahoe–Sierra Preservation Council, Inc., et al. (plaintiffs), brought suit in the district court claiming that the ban on development established by the Tahoe Regional Planning Agency (TRPA) deprived them of all economically feasible use of their land and violated their rights to due process and equal protection.[1] The district court dis-

---

1. The plaintiffs are divided into two groups: the first group is comprised of plaintiffs who own land in areas classified as Stream Environment Zones (the "SEZ plaintiffs"); the second is comprised of plaintiffs who own land in Class 1, 2 and 3 areas (the "Class 1, 2 and 3 plaintiffs"). Together, the plaintiffs brought seven claims for relief:

Claim One: The SEZ plaintiffs seek declaratory and injunctive relief against TRPA and the members of its governing body (the individual defendants) for violations of the due process, equal protection and taking clauses.

Claim Two: The SEZ plaintiffs seek damages from TRPA, Nevada and California for violations of the taking clause.

Claim Three: The Class 1, 2 and 3 plaintiffs seek declaratory and injunctive relief against TRPA and the individual defendants for violations of the taking clause.

Claim Four: The Class 1, 2 and 3 plaintiffs seek declaratory and injunctive relief against TRPA and the individual defendants for violations of the due process and equal protection clauses.

Claim Five: The Class 1, 2 and 3 plaintiffs seek damages from TRPA, Nevada and California for violations of the taking clause.

Claim Six: All plaintiffs seek declaratory and injunctive relief, or in the alternative, damages from all defendants for deprivation of their rights to enjoy public improvements in violation of the due process, equal protection and taking clauses.

Claim Seven: All plaintiffs seek injunctive relief and damages against all defendants based on the above claims.

missed some of the plaintiff's claims for failure to state a claim and granted summary judgment on the remaining claims. Plaintiffs appeal. We affirm in part, reverse in part and remand on the authority of *Tahoe–Sierra Preservation Council v. Tahoe Regional Planning Agency*, 911 F.2d 1331 (9th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991) (*TSPC I*).

## I

TRPA was created pursuant to the Tahoe Regional Planning Compact between California and Nevada,[2] and is authorized to coordinate regional planning for the Lake Tahoe Basin, which is located partly in California and partly in Nevada. TRPA passed Ordinance 81–5, a "temporary moratorium" that prohibited development of plaintiffs' property from June 25, 1981 until April 26, 1984. After April 26, 1984, the Ordinance was replaced by TRPA's 1984 Regional Plan. That plan never went into effect, however, because a federal injunction, emanating from an unrelated lawsuit,[3] prevented TRPA from approving any projects under the 1984 Plan.

The California property owners brought suit in the Eastern District of California; the Nevada property owners brought the same claims in the District of Nevada. Both sets of plaintiffs claimed that Ordinance 81–5 and the 1984 Plan denied them due process and equal protection and worked a taking of their property. They requested damages and equitable relief.

Both courts entered judgment for the defendants, dismissing some claims under Rule 12(b)(6) and granting summary judgment on the rest. The Nevada judgment occurred first and was appealed first

(*TSPC I*). The appeal from the California judgment (this case) was stayed pending the outcome of *TSPC I*.

## II

### A. *TRPA's Immunity*

■ The Nevada district court dismissed the claims for damages against TRPA, holding that TRPA is immune from a suit for damages under *Jacobson v. TRPA*, 566 F.2d 1353 (9th Cir.1977).[4] In *TSPC I*, we reversed, holding that *Jacobson's* reasoning is at odds with *First English Evangelical Lutheran Church v. County of Los Angeles*, 482 U.S. 304, 107 S.Ct. 2378, 96 L.Ed.2d 250 (1987). *See TSPC I*, 911 F.2d at 1341. Thus, TRPA is not immune from suit.

### B. *Claims One, Three and Four, for Declaratory and Injunctive Relief*

In *TSPC I*, the Nevada district court granted summary judgment for the defendants on plaintiffs' claims for declaratory and injunctive relief (Claims One, Three and Four). The court held that TRPA's regulation of the plaintiffs' property was not a facial taking or denial of due process or equal protection. On appeal, we vacated the district court's judgment and dismissed the claims as moot, because after the judgment, but before the appeal, TRPA adopted a Regional Plan markedly different from the challenged 1984 Plan. The plaintiffs concede that, under *TSPC I* these claims are moot.[5]

### C. *Claims Two and Five, for Damages Under the Taking Clause*

#### 1. Mootness

■ *TSPC I* held that, under *First English*, plaintiffs' claims for damages, arising

---

**2.** Pub.L. No. 91–148, 83 Stat. 360 (1969), *amended*, Pub.L. No. 96–551, 94 Stat. 3233 (1980); *see* Cal.Gov't Code §§ 66800–01 (West 1983 & Supp. 1991); Nev.Rev.Stat. §§ 277.190–.200 (1989).

**3.** On April 26, 1984, the same day TRPA adopted the 1984 Plan, the State of California brought suit against TRPA for declaratory and injunctive relief, arguing that the plan did not comply with the requirements of the Tahoe Regional Planning Compact. On August 9, 1984, the district court granted California's request for a preliminary injunction and issued an order enjoining

TRPA from approving any development within the Agency's jurisdiction. The injunction was affirmed by this court's decision in *California v. TRPA*, 766 F.2d 1308 (9th Cir.1985).

**4.** *Rev'd in part on other grounds sub nom. Lake Country Estates v. TRPA*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979).

**5.** In addition, the plaintiffs concede that the district court correctly dismissed all claims for damages against California and Nevada on the ground of sovereign immunity.

out of a "temporary taking" worked by Ordinance 81–5 or the 1984 Plan, were not mooted by the adoption of the 1987 Plan. *See* 911 F.2d at 1335; *see also First English*, 482 U.S. at 318, 107 S.Ct. at 2388 (" '[T]emporary' takings which ... deny a landowner all use of his property, are not different in kind from permanent takings, for which the Constitution clearly requires compensation."). The identical issue is presented here. We agree that plaintiffs' claims under Ordinance 81–5 are not moot.

2. Ripeness

*TSPC I*, however, affirmed the dismissal of the damage claims to the extent they were not ripe. In discussing ripeness, it will be useful to consider separately the claims arising under the "temporary" Ordinance and claims arising under the 1984 Plan.

a. Damage Claims Under Ordinance 81–5.

■ Under Ordinance 81–5, one class of the Nevada plaintiffs (the "Class 1, 2 and 3 plaintiffs") could have availed themselves of a short-term mechanism for case-by-case approval of development. They had not taken advantage of this mechanism. For this reason, *TSPC I* dismissed their claims under the Ordinance as unripe, in part. The claims of the Class 1, 2 and 3 plaintiffs under Ordinance 81–5 were nevertheless ripe in part during the short (8–month) period of time after which the approval mechanism had expired and before the 1984 Plan went into effect. The claims of the other class (the "SEZ plaintiffs") under Ordinance 81–5 were ripe in their entirety and both sets of ripe claims were remanded to the district court.

It is undisputed that there was no such approval mechanism available to the California plaintiffs in this case. Under *TSPC I*, both classes of plaintiffs here have ripe claims under Ordinance 81–5.

■ The defendants contend that *TSPC I* does not control this panel's disposition of these claims. They rely on the fact that the California district court granted summary judgment on the merits of the § 1983

claims (Claim Seven), while the Nevada district court dismissed the § 1983 claims as unripe. They argue we can affirm "on the merits," because *TSPC I* merely reached the preliminary issue of ripeness.

We reject this argument because it ignores that the § 1983 claims depend (in part) on the takings claim, and it ignores that both district courts addressed the takings claim on the merits. The Nevada district court did dismiss the § 1983 claims on ripeness grounds whereas the California district court granted summary judgment on the § 1983 claims "on the merits." But the Nevada district court went on to address the merits of the takings claim in addressing Claims One and Three. Thus, both district courts relied on a constitutional analysis that did not take into account the Supreme Court's decision in *First English*. Moreover, both district courts addressed the takings claim as it related to the 1984 Plan—not to Ordinance 81–5. The slight difference in approach taken by the district courts in disposing of the § 1983 claims does not change the outcome dictated by *TSPC I*. We remand the surviving takings claims (Claims Two and Five) in part and the § 1983 claim (Claim Seven) in part, as did the court in *TSPC I*, to allow the plaintiffs an opportunity to prove that Ordinance 81–5 worked a temporary taking.

Defendants argue that the existence of California's state-financed buyout program is a material fact that distinguishes *TSPC I* from this case. We disagree.

In *First English*, the Supreme Court noted that

where the government's activities have already worked a taking of all use of property, no subsequent action by the government can relieve it of the duty to provide compensation for the period during which the taking was effective.

482 U.S. at 321, 107 S.Ct. at 2389. *First English* has altered the legal landscape, changing the focus of this case onto a "temporary taking." Whether the buyout program has any bearing on the constitu-

tional validity of Ordinance 81–5 is an issue for the district court to determine.[6]

b. Damage Claims Under the 1984 Plan.

■ *TSPC I* affirmed the dismissal of the plaintiffs' damage claims to the extent the claims were based on the 1984 Plan. Although two members of the panel concurred in that result, they could not agree on a rationale to support it. Judge Reinhardt felt that claims under the Plan were unripe because the plaintiffs had not sought to amend the Plan, even though the Plan provides a procedure for seeking amendments. *See TSPC I*, 911 F.2d at 1336–39. Judge Fletcher concurred in the dismissal of those claims but for a completely different reason. She felt that the claims were mooted by the injunction, which had the practical effect of making the Plan inoperative. She would not have reached the ripeness issue. *See id.* at 1343. Judge Kozinski agreed with Judge Reinhardt that ripeness was at issue, but dissented because he felt the claims were ripe. *See id.* at 1344–46 (Kozinski, J., dissenting in part).

The lack of a definitive rationale limits the precedential value of *TSPC I*. We agree that the ripeness issue must be reached, but hold that ripeness did not require the plaintiffs to ask TRPA to amend the 1984 Plan before bringing their claims. *See id.* (Kozinski, J., dissenting in part). We therefore reverse the dismissal of the § 1983 and takings claims against TRPA for damages caused by the 1984 Plan. We leave it to the district court to determine whether the intervening injunction prevented the 1984 Plan from causing any harm to the plaintiffs.

D. *Claim Six for Assessments Paid*

The plaintiffs' Sixth Claim for relief alleged deprivation of the benefit of assessments paid for public improvements. The Nevada district court dismissed this claim under *Furey v. City of Sacramento*, 780 F.2d 1448, 1455 (9th Cir.1986). *TSPC I*

reversed the dismissal of that claim. We noted:

> If TRPA collected assessments, the appropriate remedy would lie with that entity. If, on the other hand, some other entity was responsible for collecting the assessments, then it would be inappropriate to require TRPA to provide the refund. We therefore reinstate Claim Six only to the extent that it seeks reimbursement for assessments actually paid by the plaintiffs to TRPA.

911 F.2d at 1342. Nevertheless, defendants argue that the California district court's dismissal of Claim Six should be affirmed because plaintiffs' complaint does not allege that TRPA collected the assessments. We remand this issue in part, as we did in *TSPC I*. On remand, the district court shall determine the extent to which the claim seeks reimbursement for assessments actually paid to TRPA.

### III

We affirm in part, reverse in part and remand on the authority of *TSPC I*. As to:

Claims One, Three, and Four: We vacate the district court's judgment and instruct the court to dismiss these claims as moot.

Claims Two and Five: We reverse the dismissal of these claims against TRPA. We affirm the dismissal of these claims against Nevada and California.

Claim Six: We reverse the dismissal with respect to assessments actually paid by the plaintiffs to TRPA in order to finance projects and expenditures from which the plaintiffs could derive no benefit, even if they were to develop their property under the 1987 Plan. We vacate the court's ruling with respect to the remainder of the claim and instruct the court to dismiss those portions as moot.

Claim Seven: We reverse the dismissal of claims against TRPA for damages. We vacate the rulings with respect to the remainder of the claim and instruct the court to dismiss those portions as moot.

---

**6.** We follow *TSPC I* in expressing no view on the time-bar issue as it affects claims under Ordi-

nance 81–5. *See TSPC I,* 911 F.2d at 1342 n. 11.

158

We express no view on the time-bar issue and no view on the effect of the injunction on claims under the 1984 Plan. The parties will bear their own costs. The requests for fees under 42 U.S.C. § 1988 are denied.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.