**TAHOE–SIERRA PRESERVATION COUNCIL, INC., et al.,**
**Plaintiffs,**

v.

**TAHOE REGIONAL PLANNING AGENCY, et al., Defendants.**

**No. CV–N–84–257–ECR.**

United States District Court,
D. Nevada.

Jan. 28, 1998.

Lawrence L. Hoffman, Law Offices of Lawrence L. Hoffman, Tahoe City, CA, for Plaintiffs.

Rachelle J. Nicolle, Susan E. Scholley, Tahoe Regional Planning Agency, Zephyr Cove, NV, J. Thomas Susich, Vicki E. Hartigan, Crowell, Susich, Owen & Tackes, Ltd., Carson City, NV, for Tahoe Regional Planning Agncy.

William Frey, Deputy Attorney General, Carson City, NV, for State of Nevada.

Mary J. Schoonover, Richard M. Frank, California Department of Justice, Sacramento, CA, for State of California.

### ORDER

EDWARD C. REED, JR., District Judge.

Currently before the Court are five motions filed by the defendants under cover of one document (# 250), filed on August 15, 1997. Plaintiffs filed a response to these motions (# 251) on October 6, 1997, to which defendants filed a reply (# 252) on October 30, 1997. Each of these five motions will be dealt with in separate orders. The subject of the instant order is Motion No. 3, which for the reasons set forth below is hereby GRANTED.

1. This case has been pending for almost fourteen years, and has generated at least seven *published* opinions so far. Since the procedural history and the facts of this case have been set forth in more than one of these previous opinions, we feel it is unnecessary to recite them again here. See *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 611 F.Supp. 110 (D.Nev.1985), *aff'd in part, vacated in part, and rev'd in part by Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 911 F.2d 1331 (9th Cir.1990); *Tahoe–Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 638 F.Supp. 126 (D.Nev.1986), *vacated, Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 911 F.2d 1331 (9th Cir.1990); *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 911 F.2d 1331 (9th Cir.1990) ("*TSPC I* "), *cert denied, Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991); *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 938 F.2d 153 (9th Cir.1991) ("*TSPC II* ") (reviewing unpublished decisions of the District Court for the Eastern District of California); *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 808 F.Supp. 1474 (D.Nev.1992) (Nevada-side case) *aff'd in part and rev'd in part by Tahoe Sierra*

### MOTION NO. 3

Motion No. 3 [1] is for an order dismissing "all plaintiffs' claims which challenge the 1987 Regional Plan." Defs.' Mem. of P. & A. in Supp. of Mot. Dismissing All Claims as to 1987 Reg'l Plan (Mot.# 3) at 1. The basis for this motion is that these claims are all barred by the statute of limitations. Given the Ninth Circuit's statement, in its most recent decision in this case, that "[n]o part of TSPC's § 1983 claim is time-barred," *Tahoe Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 34 F.3d 753, 756, *amended by* 42 F.3d 1306 (9th Cir.1994) ("*TSPC III* "), the defendants' motion would appear to be doomed.

However, the defendants argue that this part of the Ninth Circuit's holding in *TSPC III* is "clearly erroneous and would work a manifest injustice," and is thus not binding under the law of the case doctrine. Defs.' Mem. of P. & A. in Supp. of Mot. Dismissing All Claims as to 1987 Reg'l Plan (Mot.# 3) at 5. Given the long and complicated history of this case, it would not be at all surprising if a mistake—even a "clearly erroneous" one— had been made somewhere along the way. Since justice demands that, to the extent

*Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 34 F.3d 753 (9th Cir.1994); *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 808 F.Supp. 1484 (D.Nev.1992) (California-side case) *aff'd in part and rev'd in part by Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 34 F.3d 753 (9th Cir. 1994); *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 34 F.3d 753 (9th Cir.) ("*TSPC III* "), *amended by Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 42 F.3d 1306 (9th Cir.1994), *cert denied, California v. Tahoe Sierra Preservation Council*, 514 U.S. 1036, 115 S.Ct. 1401, 131 L.Ed.2d 288 (1995).

After *TSPC III* was decided and the case remanded to us for the second time, the defendants filed answers, and the parties slowly began to prepare for an actual trial. Pursuant to an order of this Court dated February 13, 1997, (# 225) the defendants filed five pretrial motions, including the one under discussion here. Although this motion is not characterized as such by the defendants, it would appear to be, in essence, a motion for partial judgment on the pleadings, as provided for by Fed.R.Civ.P. 12(c).

possible, we correct such mistakes, we are required to examine the defendants' claim to determine if a "clearly erroneous" mistake has in fact been made.

The plaintiffs, naturally, emphasize heavily in their response to this motion the Ninth Circuit's holding that "[n]o part of TSPC's § 1983 claims is time-barred." Pls.' Resp. to Mot. No. 3 at 22, citing *TSPC III* at 756. They characterize the dispute over which statute of limitations applied to their § 1983 challenges as a "hotly-debated issue" until it was resolved by the Ninth Circuit in *TSPC III. See* Pls.' Resp. to Mot. No. 3 at 23. No doubt this is true, although it should be noted that the issue was never debated at all (hotly or otherwise) before this Court—it was apparently raised for the first time in the opening brief that the plaintiffs filed with the Ninth Circuit in 1993, in appealing our 1992 decision to dismiss the First Amended Complaints. *See* Opening Br. of Appellants, No. 93–15113 & No. 93–15114, at 28–33 (dated Apr. 26, 1993), *attached as* Ex. D to Defs.' Reply Mem. in Supp. of Five Pretrial Mots. (doc. # 252) [hereinafter Pls.' 1993 Opening Br.]. However, it is certainly true that the issue's import extends beyond this case—the Tahoe Regional Planning Agency ("TRPA")

has faced, and no doubt will continue to face, numerous other challenges to its regulations and ordinances.

The plaintiffs state that the Ninth Circuit's resolution of the issue "is, of course, controlling law in this case, and it is simply not susceptible to being set aside by this Court, even if it should not agree with that holding." Pls.' Resp. to Mot. No. 3 at 23. However, it is *not* the Ninth Circuit's ruling on the issue of which statute of limitations should be applied to TSPC's § 1983 challenges [2] that the defendants claim is wrong. Rather, it is the Ninth Circuit's holding that the defendants *waived their ability to raise* the correct statute of limitations.

If the defendants are correct, and they have not waived this defense, then the plaintiffs' attempt to state a cause of action against the 1987 Regional Plan in their amended complaints is as time-barred by the correct statute of limitations as we previously held it to be by the sixty-day statute of limitations provided in the Compact. *See Tahoe Sierra Preservation Council, Inc.,* 808 F.Supp. at 1482–83; *Tahoe Sierra Preservation Council, Inc.,* 808 F.Supp. at 1491. Over four years had passed between July 1, 1987, the effective date of the 1987 Plan, and

2. While it is unnecessary to examine the issue in much depth here, in brief the question was whether TSPC's § 1983 takings challenges were subject to the same statute of limitations as other § 1983 claims, or rather the statute of limitations set forth in the Tahoe Regional Planning Compact (the "Compact") which had created TRPA, and which provided that all challenges to plans, regulations, or ordinances adopted by TRPA should be brought within sixty days. Cal. Gov't Code § 66801, Art. VI(j)(4) (West 1997); Nev. Rev.Stat. § 277.200, Art. VI(j)(4) (1997). While the opinion in *TSPC III* makes the outcome seem forgone, that was not entirely the case. As an "Agreement of Compact" between the states of Nevada and California, the Compact had to be approved by the Congress of the United States. U.S. Const. art I, § 10, cl. 3. Congress granted its initial approval to the Compact on December 18, 1969. Pub.L. 91–148, 83 Stat. 360. Hence, the Compact is *federal* law. *See League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 507 F.2d 517 (9th Cir.1974). As the Supreme Court pointed out in *Wilson v. Garcia,* the case which first made clear that § 1983 claims are best characterized as analogous to personal injury claims and should thus be subject to the state statute of limitations for personal injury claims, the resort to state law was only the second step that Con-

gress had mandated in interpreting the Reconstruction Civil Rights Acts, of which § 1983 is a part. The first step was to "look to the laws of the United States." *Wilson v. Garcia,* 471 U.S. 261, 267, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). "[R]esort to state law—the second step in the process—should not be undertaken before principles of federal law are exhausted." *Id.* at 268. And "state law shall only apply 'so far as the same is not inconsistent with' federal law." *Id.* at 269. Since applying state law personal injury statutes of limitations to TRPA's actions is inconsistent with federal law—i.e., the Compact—it does not seem unreasonable to think that Congress, in approving the Compact, might have intended the sixty-day limitations period to apply in this type of situation. Nonetheless, we do not mean to suggest (anymore than do the defendants, as we understand their argument) that the Ninth Circuit decision on this issue was in any way incorrect. *Wilson v. Garcia* certainly did state that § 1983 "is fairly construed as a directive to select, in each state, the one most appropriate statute of limitations for all § 1983 claims." *Id.* at 275. We merely point out that the defendants were not just willfully ignoring the only viable statute of limitations in favor of some obviously inapplicable one.

October 28, 1991, the date on which the plaintiffs filed the earlier of their two amended complaints. Since the plaintiffs' claims are facial challenges, the effective date of the Plan is when their cause of action accrued and the statute of limitations began to run. *TSPC III*, 34 F.3d at 755; *see also Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir.1993). Thus, since the statute of limitations for § 1983 claims is one year in California, *Levald*, 998 F.2d at 688, and two years in Nevada, *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989),[3] it is indisputable that the plaintiffs did not bring their claims against the 1987 Plan within what is now clear is the appropriate statute of limitations period. Unless the defendants have in fact waived their ability to raise the correct statute of limitations as a defense, therefore, all of the plaintiffs' claims against the 1987 Plan will be time-barred.[4]

The key issue of whether the defendants waived their ability to raise the correct statute of limitations as a defense was not raised before this Court prior to the instant motion. This was undoubtedly due to the fact that, in arguing over the defendants' motions to dismiss the First Amended Complaints, the only

3. These are the statute of limitations periods for § 1983 claims accruing after the 1985 Supreme Court decision of *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (holding that the statute of limitations for § 1983 claims accruing in a state is that state's statute of limitations for personal injuries), discussed *supra* note 2. Since the instant motion involves only the plaintiffs' claims against the 1987 Plan (which, despite the plaintiffs' best efforts to argue otherwise, cannot be seen as having accrued any *earlier* than 1987), we do not need to be concerned here with what the statute of limitations is for § 1983 claims which accrued prior to *Wilson*— except to note that, at least in 1984, when the plaintiffs initially filed this action, it was probably three years in both California and Nevada. *Golden Gate Hotel Ass'n v. San Francisco*, 18 F.3d 1482, 1485 (9th Cir.1994); *Mason v. Schaub*, 564 F.2d 308, 309 (9th Cir.1977). However, as late as November 1991, the Ninth Circuit indicated that the appropriate statute of limitations for takings claims in California was either five or six years. *Azul Pacifico, Inc. v. Los Angeles*, 948 F.2d 575, 587 (9th Cir.1991) ("*Azul I*"). Either way, the plaintiffs' 1987 Plan claims would have been timely filed. While the *Azul I* decision was withdrawn and replaced on July 23, 1992, *Azul–Pacifico, Inc. v. Los Angeles*, 973 F.2d 704 (9th Cir.1992) ("*Azul II*"), it is important to note that all of the defendants' motions to dismiss the amended complaints were filed while *Azul I* was the law in this circuit. Def. Tahoe Reg'l Planning Authority's Mot. to Dismiss Pls.' First Am. Compls. for Inverse Condemnation, Denial of Const. and Civ. Rights, and Just Compensation and Damages (Fed.R.Civ.P. 12[b][6]) (filed May 27, 1992) (doc. # 140); Def. State of California's Mot. to Dismiss Pls.' First Am. Compls. for Inverse Condemnation, Denial of Const. and Civ. Rights, and Just Compensation and Damages (Fed.R.Civ.P. 12[b][6]) (filed June 12, 1992) (doc. # 145); Def. State of Nevada's Mot. to Strike (filed June 12, 1992) (doc. # 147). For an example of the impact of this confusion on other takings cases pending at the time, see *Golden Gate Hotel Ass'n v. San Francisco*, 18 F.3d 1482 (9th Cir.1994). It is also interesting to note that one reason for the *Azul I* court's decision was that, apparently, the plaintiff in that case had not brought its takings claims as § 1983 claims, but rather as independent claims that its constitutional rights had been violated. *Azul II* thereafter also clarified that all takings claims and other claims for constitutional violations MUST BE BROUGHT UNDER § 1983. *Azul II*, 973 F.2d at 705 ("Plaintiff has no cause of action under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). This raises the question of just what, exactly, was dismissed in *TSPC III* when the Ninth Circuit dismissed all of the plaintiffs' "takings claims" as barred by the sixty-day Compact statute of limitations, but held that its "§ 1983 claims" were not time-barred. *TSPC III*, 34 F.3d at 755.

4. Of course, if the plaintiffs' claims against the 1987 Plan somehow "related back" to their original complaints, as provided by Fed.R.Civ.P. 15(c), then it would not matter that the claims were not filed within the appropriate statute of limitations period. However, both this Court and the Ninth Circuit have already held that the 1987 Plan did not arise from the same conduct, transaction, or occurrence as the regulations at issue in the original complaints, and so cannot relate back to those complaints. *TSPC III*, 34 F.3d at 755 ("This court has already determined that the 1987 Plan was markedly different from its 1984 predecessor.... Accordingly, the 1987 Plan cannot be considered the same transaction or occurrence as the 1984 plan, within the meaning of Fed.R.Civ.P. 15(c)."); *Tahoe Sierra Preservation Council, Inc.*, 808 F.Supp. at 1482–83; *Tahoe Sierra Preservation Council, Inc.*, 808 F.Supp. at 1491. Hence, to escape the statute of limitations problem, the plaintiffs should have filed for redress of their 1987 Plan claims by July 1, 1988, in California, and July 1, 1989, in Nevada. Of course, we undoubtedly would still have held on initial review that their claims were barred by the sixty-day Compact statute of limitations, but at least now the plaintiffs' claims would clearly be timely.

statute of limitations ever proposed was the sixty-day one. The arguments centered around whether any of the plaintiffs' claims were barred by that statute of limitations, not whether another statute of limitations would be more appropriate. *See, e.g.,* Defs.' Mem. of P. & A. in Supp. of Def. Tahoe Reg'l Planning Agency's Mot. to Dismiss Pls.' First Am. Compls. (filed May 27, 1992) (doc. # 141); Pls.' Mem. of P. & A. in Opp'n to All Defs.' Mots. to Dismiss and Related Mots. (filed Aug. 18, 1992) (doc. # 155).

It appears that the plaintiffs did raise the question of whether another limitations period would be more appropriate, but they did not do so until they filed their opening brief with the Ninth Circuit in their appeal of our 1992 decisions. *See* Pls.' 1993 Opening Br. at 28–33. But the *waiver* issue, at least as it is before us now, does not appear to have been raised by the parties at all, even on appeal. Of course, our record of what transpired on appeal is incomplete—we have only been provided with some of the briefs filed by the parties, and we do not have the transcript of oral arguments before the Circuit. But what we do have suggests that, while the word "waiver" does appear in the plaintiffs' briefs, they were using it in a different sense, and not at all with respect to the defendants' argument that the 1987 Plan claims were time-barred. *See, e.g.,* Plaintiffs' 1993 Opening Brief at 27–28.

One of the plaintiffs' arguments was that, since the defendants had failed to "cross-appeal" the time-bar issue in either of the two earlier appeals, they had somehow waived those defenses. *Id.* However, neither district court had ruled that the sixty-day Compact statute of limitations was inapplicable to § 1983 actions, so failing to "cross-appeal" that issue would not appear to constitute a waiver of any sort. In addition, the plaintiffs argued that the earlier Ninth Circuit decisions had conclusively resolved the

time-bar issue in their favor, thus preventing the defendants from raising it again in *TSPC III. Id.* However, the idea that either *TSPC I* or *TSPC II* resolved the time-bar issue is ludicrous. Both opinions specifically state that they "express no view" on the issue. *TSPC I,* 911 F.2d at 1342 n. 11 ("We express no view on any of the possible statute of limitations issues that might be raised."); *TSPC II,* 938 F.2d at 158 ("We express no view on the time-bar issue . . . ."). Even if either of these arguments had any validity in regard to the Ordinance 81–5 or Resolution 83–21 claims, however, they have no impact on the 1987 Plan claims at issue here. No claims against the 1987 Plan were raised by the plaintiffs until they filed their First Amended Complaints, after both *TSPC I* and *TSPC II* had been decided—so nothing that had or had not been argued in those appeals would prevent the defendants from raising any defenses to the newly filed 1987 Plan claims.

■ However, even though the parties had not addressed the issue of whether the defendants had waived any defenses to the 1987 Plan claims, the Ninth Circuit held that the defendants had waived their right to raise any statute of limitations but the sixty-day Compact one as a defense. The Circuit's holding on this point consists of only three sentences: "The defendants did not plead any other statute of limitations except the 60–day one. Failing to plead affirmatively any other statute of limitations, they cannot now rely on any other. No part of TSPC's § 1983 claim is time-barred." *TSPC III,* 34 F.3d at 756. It is this limited part of the Ninth Circuit's holding in *TSPC III* that the defendants claim should not be treated as law of the case.[5]

■ "Under the 'law of the case' doctrine, 'a court is generally precluded from reconsid-

**5.** Of course, the most reasonable explanation of this language may be that it is simply dicta, and as such has no preclusive force under the law of the case doctrine. *Milgard Tempering, Inc. v. Selas Corp. of America,* 902 F.2d 703, 716 (9th Cir.1990). After all, the issue of waiver was not before the court, so no holding on the question was necessary to resolve the appeal. However, the plaintiffs have argued strenuously that *TSPC*

*III* resolved the issue conclusively, for ever and always. Thus, in order to address the plaintiffs' arguments, we have not treated this language as dicta. If it is dicta, then the following discussion of the law of the case doctrine is unnecessary— however, we note that our subsequent discussion and resolution of the waiver question itself would be necessary either way.

ering an issue that has already been decided by the same court, or a higher court in the identical case.'" *U.S. v. Alexander,* 106 F.3d 874, 876 (9th Cir.1997) (quoting *Thomas v. Bible,* 983 F.2d 152, 154 (9th Cir.1993)). "A court may have discretion to reopen a previously resolved question only where (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would result." *Disimone v. Browner,* 121 F.3d 1262, 1266 (9th Cir.1997). It is the first exception that is at issue here. The defendants claim that this part of the Ninth's Circuit's decision is "clearly erroneous," and, for the following reasons, we agree.

At the time the Ninth Circuit heard the appeal in *TSPC III,* none of the defendants had ever filed an answer, or any other type of pleading. The Federal Rules of Civil Procedure define the types of papers which are considered pleadings, and a 12(b)(6) motion to dismiss is not one of them. Only the following are considered pleadings: a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, a third-party answer, and a reply to an answer or to a third-party answer. Fed.R.Civ.P. 7(a). In most cases, the first *pleading* a defendant will file is its answer, although that may not be the first *document* to be filed. Often, a defendant will file an answer only after a pre-answer motion to dismiss has been filed and denied. Since *TSPC III* was an appeal from the *grant* of a 12(b)(6) motion to dismiss, the defendants never really had the opportunity to file an answer. Thus it was clearly wrong to say that the defendants had waived their right to raise other statute of limitations defenses *by not pleading them,* since up to that point the defendants had not *pled* anything at all, and had not been required to plead anything at all.

Of course, it is understandable that the Circuit might not have realized that, *ten years* into the litigation, the defendants had never actually *answered* the complaints. But such was indeed the case. In fact, the defendants never filed answers to the original complaints, and only filed answers to the First Amended Complaints in 1995, after the *TSPC III* decision had been issued. Instead, in response to both the original complaints and the First Amended Complaints, the defendants filed motions to dismiss. Since these motions were granted by the district courts, the defendants were not required to file answers until after the Ninth Circuit had reviewed and remanded the cases. Thus it is obvious that the first *pleadings* of any kind filed by any of the defendants were the answers filed in July 1995—in which the defendants raised as a defense the statute of limitations. Defs.' Answer to First Am. Compl. for Inverse Condemnation, Denial of Const. & Civ. Rights, & Just Compensation & Damages (Nevada plaintiffs) (filed July 7, 1995) (doc. # 199) [hereinafter Nevada-side Answer]; Defs.' Answer to First Am. California-side Compl. for Inverse Condemnation, Denial of Const. & Civ. Rights, & Just Compensation & Damages (California plaintiffs) (filed July 7, 1995) (doc. # 198) [hereinafter California-side Answer].

Therefore, with all due respect to the Ninth Circuit, we are constrained to find that the Circuit's holding in *TSPC III* that the defendants had waived their right to raise the correct statute of limitations as an affirmative defense *because they had not pled it* is clearly erroneous, and was almost certainly premised on the mistaken—but understandable—assumption that at some point during the ten years the case had then been pending the defendants must have filed a responsive pleading of some kind.

■ Since the Ninth Circuit's decision that the defendants waived their right to raise the correct statute of limitations as a defense by not pleading it was clearly wrong, we must now address the question of whether the defendants may have waived their right to raise this defense in some other way. To do otherwise would be to ignore the possibility that, while the Circuit's *reasoning* was clearly erroneous, its *result* was correct. Since this question was not presented to us prior to the *TSPC III* appeal, we do not have a decision on which to fall back for guidance, and must therefore start from the beginning in examining this question.

The answer to the question of waiver would appear to lie squarely within the terms of the Federal Rules of Civil Procedure. Rule 8(c), subtitled "Affirmative Defenses," states that: "In pleading to a preceding pleading, a party shall set forth affirmatively ... statute of limitations ... and any other matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c). This Rule has often been held to mean that, if a party files a "pleading to a preceding pleading" (usually an answer to a complaint), and does not include an affirmative defense therein, that defense will be considered waived. 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1278, at 477 ("Generally, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case."); *see also United States Postal Serv. v. American Postal Workers Union*, 893 F.2d 1117 (9th Cir. 1990) (holding that failure to plead six-month statute of limitations, or otherwise assert the defense in district court, waived the defense); *Cooperative Finance Ass'n, Inc. v. Garst*, 917 F.Supp. 1356, 1385 (N.D.Iowa 1996) ("Courts have held that failure to plead an affirmative defense to a claim in a responsive pleading waives or forecloses assertion of that defense for the first time later in the litigation, usually finding authority for this conclusion in Fed.R.Civ.P. 8(c), which specifically requires the pleading of affirmative defenses in responsive pleadings."). Thus the Ninth Circuit would clearly have been in accordance with the Rules to hold that, by not pleading an affirmative defense, the defendants had waived it—*if* they had filed a pleading from which such a defense could have been omitted.

However, even that holding, while consistent with the rules, would have conflicted with previous Ninth Circuit cases. Many courts, including the Ninth Circuit, have liberalized the rule that omitting a defense from the answer waives it, and have allowed parties to raise various affirmative defenses (including the statute of limitations) at any time up to and including trial—so long as the other party was not prejudiced by the delay in raising the defense. *See, e.g., Magana v. Commonwealth of the Northern Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir.1997)

("We have liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings. However, defendants may raise an affirmative defense for the first time in a motion for summary judgment only if the delay does not prejudice the plaintiff."); *Han v. Mobil Oil Corp.*, 73 F.3d 872, 877 (9th Cir.1995) (stating that "we have ruled that an affirmative defense based on the lapse of a statutory limitation period may be raised for the first time on a motion for summary judgment when there is no prejudice to the plaintiff"); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir.1984) (holding that defendant's "initial failure to raise the statute of limitations in his initial pleading does not preclude him from making a motion for summary judgment based on that defense").

The instant case, of course, is different, in that the statute of limitations defense *was* raised in the answers. Nevada-side Answer para. 43, at 13; California-side Answer para. 43, at 12. The defendants are not seeking to raise the defense for the first time after omitting it from a responsive pleading. The apparent problem here is that the defendants raised the defense in their answer *after not asserting it in a pre-answer motion to dismiss*. Of course, common sense would indicate that, if a party can be excused for omitting an affirmative defense from a document in which the Federal Rules mandate that such a defense be included, a party should also be excused for omitting an affirmative defense from a document in which such a defense is *not* mandated to appear, by the Federal Rules or any other authority. Unfortunately, as is often the case, our analysis cannot end with common sense.

To continue, the Rules themselves also seem to indicate that it would not matter if a defendant filed a pre-answer motion without including the affirmative defense of the statute of limitations—the defense would still not be waived. Rule 12(b) states that:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:

(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion....

Fed.R.Civ.P. 12(b).

To begin with, it should be obvious that the defense of statute of limitations is not listed in this rule. Some courts have therefore questioned whether it is even permissible to raise such a defense in a pre-answer 12(b) motion. *See, e.g.,* 5 Wright & Miller § 1277, at 461–62 ("Numerous cases state that the affirmative defenses listed in Rule 8(c) ... must be asserted in defendant's answer and cannot be the basis for a motion to dismiss the complaint...."). However, most courts have held that the statute of limitations defense, as well as other non-enumerated defenses, may fall within the scope of 12(b)(6), and thus is appropriately raised in a 12(b)(6) motion. *See, e.g., Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n. 1 (9th Cir.1987) ("Although the statute of limitations defense is usually raised in a responsive pleading, see Fed.R.Civ.P. 8(c), the defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint."); *see also* 2 Moore's Fed. Prac.3d § 12.34[4][b], at 12–73 (1997) ("Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as ... the statute of limitations."). In other words, if a complaint raises only claims which are barred by the statute of limitations, then the complaint "fail[s] to state a claim upon which relief can be granted."

However, the fact that the defense *may* be raised in a pre-answer motion does not necessarily mean that it *must* be. Rules 12(g) and 12(h) answer this question, at least for the defenses listed in 12(b). Rule 12(g) reads as follows:

A Party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

Fed.R.Civ.P. 12(g). Rule 12(h) reads in relevant part as follows:

(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule not included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

(2) A defense of *failure to state a claim upon which relief can be granted,* a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim *may be made in any pleading* permitted or ordered under Rule 7(a), *or by motion for judgement on the pleadings, or at the trial on the merits.*

. . .

Fed.R.Civ.P. 12(h) (emphasis added).

Therefore it would seem that, if it is indeed appropriate to raise a statute of limitations defense in a 12(b)(6) motion, then that defense is not waived even if omitted from a pre-answer motion filed to assert other defenses. The fact that Rule 12(h)(2) allows a defense of failure to state a claim to be raised for the first time even at trial is in accord with the tendency of most courts to allow the affirmative defenses listed in Rule 8(c) to be raised even after being omitted from the answer (see discussion, *supra* ).

Therefore it would appear from the Rules that omitting a statute of limitations defense

from a pre-answer motion will not waive that defense. The Second Circuit seems to be the only circuit that has addressed this exact issue, and it has reached the same conclusion. In *Santos v. District Council of New York City*, members of one union sued a related union for enforcement of an arbitration award, and the district court dismissed for lack of jurisdiction. This decision was appealed to the Second Circuit, which remanded the case to the district court. It was only after the case was remanded that the defendant filed its answer, wherein it claimed that the suit was barred by the statute of limitations. The plaintiffs argued that the defendant had waived the defense of statute of limitations by not raising it in the pre-answer motion it had filed to assert lack of jurisdiction. The Second Circuit found that the defense had not been waived, and that a "statute of limitations defense need not be raised in a pre-answer motion." *Santos v. District Council of New York City*, 619 F.2d 963, 967 (2d Cir.1980). In a footnote, the court explained that a statute of limitations defense *may* be raised in a 12(b)(6) motion, and as a 12(b)(6) defense, which "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at trial on the merits," *id.* at 967 n. 4, is "by the express terms of Rule 12(g) ... not waived by a failure to include it in a Rule 12 motion raising other defenses." *Id.*

The Second Circuit re-affirmed *Santos* in a more recent case, *Kulzer v. Pittsburgh–Corning Corp.*, 942 F.2d 122 (2d Cir.1991). In *Kulzer*, although the defendant had pled the statute of limitations as an affirmative defense, it had not raised it in any pre-trial motions, and apparently did not move for dismissal of the case on the grounds that it was time-barred until after the close of the plaintiff's proof at trial. *Id.* at 124. The district court denied the motion, essentially holding that the defendant had waived the defense by not asserting it more forcefully. The Second Circuit reversed, based on *Santos*, holding that the defendant had met the minimum requirements of the Federal Rules, and so had not waived its right to raise the defense. *Id.* at 125.

However, at least one other court has reached this issue, and it arrived at a contrary holding. In *Grijalva v. Shalala*, 1995 WL 523609 (D.Ariz.1995), the court held that the defendants had waived the statute of limitations even though they had *never* filed an answer. *Id.* at *6. The court cites to Fed.R.Civ.P. 8(c) and 12(h)(1) for the proposition that failing to raise the statute of limitations in a responsive pleading will result in waiver, but then goes on to state: "Defendant not only omitted the argument from her responsive memorandum here, she failed to raise the limitation issue in her Motion to Dismiss, ruled on by this Court December 15, 1994. Defendant has not filed her Answer. The Court finds that Defendant is untimely in raising this defense." *Id.* This would seem to be as blatant an error as the Ninth Circuit made in *TSPC III*. However, while the decision purports to rest on the Federal Rules, it seems as if the court was motivated more by a kind of equitable tolling argument. For one thing, the case involved elderly Medicare beneficiaries alleging that the Secretary of Health and Human Services had allowed various HMOs to deny them medical benefits. For another, the statute of limitations defense, even if successful, would not have disposed of the entire case—what was at issue was the size of the class that the plaintiffs were attempting to certify. In defining the class, the court had already waived the exhaustion of remedies requirement, and might well have waived the statute of limitations defense no matter how early the defendant had asserted it, given the equities involved. *Id.* at *3. Finally, since the individual plaintiffs were not seeking benefits from the suit, but rather sought injunctive and declaratory relief to force the Secretary to monitor and sanction HMOs effectively, the size of the class mattered only in so far as more individuals with claims would help prove an "unlawful pattern or practice by [the federal government] of ignoring abuses by HMOs." *Id.* at *2. Thus this case is hardly strong authority for the proposition that omitting an affirmative defense from a pre-answer motion will waive that defense.

Of course, it is true that, while we have assumed for purposes of the discussion so far that the supposedly waived statute of limita-

tions defense was omitted from the defendants' motion to dismiss, this might not be entirely true. Certainly, if each possible statute of limitations that might apply to a case is treated as a separate defense to be individually raised or omitted, then the defense was unquestionably omitted. The only statute of limitations raised by the defendants in their motion was the sixty-day one. However, if the defense is regarded as simply that "the plaintiffs' claims are time-barred," then it could be said that the defendants *did* in fact raise this defense in their motion to dismiss. In fact, the defendants have been arguing strenuously, for years, that the plaintiffs' claims were time-barred—they have just been citing the wrong statute of limitations in support of their argument. Whether this is a good argument or a bad one from the defendants' point of view is debatable. On the one hand, viewing the defense as having been raised in the motion to dismiss would seem to preclude even more unquestionably the idea of its having been waived. On the other hand, if the issue is seen as having been raised, it could also be seen as having been sufficiently addressed. Or rather, it might seem that, since so much time and effort have already been spent on the statute of limitations issue, it would somehow be unfair for the defendants to raise an argument in support of that defense now that might have resolved the question long ago had they raised it when the issue was first discussed.

This sort of vague fairness argument actually seems to have persuaded a few courts. *See United States Postal Service v. American Postal Workers Union,* 893 F.2d 1117, 1122 (9th Cir.1990) ("The APWU failed affirmatively to plead or assert the six-month statute of limitations as a defense in the district court.... Moreover, the APWU did not rely on the six-month limitations period in opposing the USPS' motion for summary judgment. It relied solely on the California 100–day limitations period .... Accordingly, the six-month limitations period was waived as a defense and we will not consider it on appeal."); *cf. Kulzer v. Pittsburgh–Corning Corp.,* 942 F.2d 122, 124 (2d Cir.1991) (reversing the district court's finding that the defendant "was 'estopped from raising [the

statute of limitations defense] as it seeks to do, mid-way through the trial, after the plaintiff has closed her case.... The defendants have simply waited too long and have brought this motion too late in this trial to benefit from a statute of limitations which was never properly pleaded.' ")

However, the majority of courts that have considered this issue—that is, whether a party that initially raised an incorrect statute of limitations as a defense should be allowed to raise the correct one at a later stage of the proceedings—have allowed the correct statute of limitations to be raised. *See, e.g., Zotos v. Lindbergh School District,* 121 F.3d 356, 360 (8th Cir.1997) ("Zotos also argues that the District waived application of the 90–day limitation period by relying on the two-year statute of limitations in its memorandum in support of its summary judgment motion. Again, we disagree."); *Yoder v. Honeywell, Inc.,* 104 F.3d 1215, 1224 n. 3 (10th Cir.1997) (holding that the defendant "did not waive the statute of limitations defense simply by pleading the defense based on the wrong choice of law"); *Reconstruction Finance Corp. v. Tuolumne Gold Dredging Corp.,* 137 F.Supp. 855, 862–63 (N.D.Cal. 1953) (holding that a plaintiff who had pleaded the wrong statute of limitations was not barred from subsequently relying on the correct one), *aff'd sub nom. Walter W. Johnson Co. v. Reconstruction Finance Corp.,* 230 F.2d 479 (9th Cir.1956). In fact, some courts have even dismissed claims based on affirmative defenses never raised by the defendant at all, so long as the defendant had not waived the defense. *See, e.g., Yoder,* 104 F.3d at 1224–25 (upholding dismissal, based on New York statute of limitations, of defendant who had only pleaded Colorado statute of limitations); *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, (9th Cir.1993) (holding that even after defendant's motion to dismiss on statute of limitations grounds was denied, defendant's inclusion of defense in answer preserved defense, so that in second motion to dismiss brought on other grounds, court could rely on statute of limitations defense to dismiss case); *Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir.1986) (dismissing case for improper venue even though defendants had

not raised the defense, since the defendants "have not yet filed a responsive pleading to the Costlows' complaint and their time to do so has not yet expired. They have not, therefore, waived their right to object to the action's improper venue . . . .").

This fits with what seems to be the general trend for how specifically the statute of limitations defense must be pleaded (when and if it is pleaded). Most courts have held, in keeping with the general liberality of pleading requirement of the Federal Rules, that simply asserting that "the plaintiff's claim is barred by the applicable statutes of limitations" is sufficient to raise any and all statutes of limitations that might be applicable. *Zotos*, 121 F.3d at 361 (holding that answer which simply stated that plaintiffs' claims "were barred by 'the applicable statute of limitations' " sufficiently raised the defense); *Daingerfield Island Protective Society v. Babbitt*, 40 F.3d 442, 444–45 (D.C.Cir.1994) (holding that "the government adequately pleaded the limitation defense in its answer, which reads in part: 'Plaintiffs' claims are barred by the statute of limitations' "); *Kulzer*, 942 F.2d at 125 (stating that "the defense [of statute of limitations] need not be articulated with any rigorous degree of specificity: 'The defense is sufficiently raised for purposes of Rule 8 by its bare assertion. Identification of the particular statute relied upon, though helpful, is not required in the pleading.' " (quoting *Santos v. District Council of New York City*, 619 F.2d at 967)).

Of course, this brings us back to the pleading/motion distinction again, since it is certainly not the same thing to plead something in general terms as it is to make that argument in a motion. But given the clear trend of cases not to hold a party strictly to all its waivers of affirmative defenses, even when those waivers are clearly waivers as defined by the Federal Rules (at least where there is no prejudice to the other side), and given the fact that in this instance nothing in the Rules

would seem to indicate that there has actually been a waiver, the only possible reason we could see for not allowing the defendants to raise the correct statute of limitations as a defense now would be if the plaintiffs would suffer some prejudice as a result.

Since "prejudice" does not mean simply "being more likely to lose," but rather "being deprived of a fair opportunity to present arguments against the newly raised defense," it is clear that the plaintiffs will not suffer any prejudice if the defendants are allowed to raise this defense now. *See Levald*, 998 F.2d at 687 (Where the defendant "pleaded the statute of limitations in its answer, and thus preserved the defense," and the plaintiff "had the opportunity to present argument on the statute of limitations question before the district court and on appeal," the court was not "troubled by the fact that [the defendant] had not raised the defense in the particular motion before the district court."). In arguing against the defendants' motion to dismiss the First Amended Complaints in 1992, most of the arguments the plaintiffs made against a finding that any of their claims were time-barred would have applied equally against any statute of limitations defense. Those arguments related to when their claims accrued, and whether the 1987 Plan merely "extended" the takings that had occurred under the 1984 Plan. If the plaintiffs had prevailed on these arguments, then it would not have mattered what statute of limitations was eventually found to apply.

As to the issue of what statute of limitations *should* apply, the plaintiffs had ample opportunity to argue in favor of various alternatives. In their 1993 Opening Brief to the Ninth Circuit, the plaintiffs argued that either a three–year or a five–year statute of limitations should be applied to their claims. Pls.' 1993 Opening Br. at 28–33. Of course, it did not seem to bother them then that even the three–year statute *they* were advocating would have barred their 1987 Plan claims.[6]

---

6. As discussed in note 3, *supra*, the three–year statute of limitations probably was the applicable statute of limitations for § 1983 claims which accrued prior to 1985. Thus it actually does make some sense that the plaintiffs were arguing in favor of the three–year limit, since at the time, what was at stake was more than just their

claims against the 1987 plan. Their claims against both Ordinance 81–5 and Resolution 83–21 had also been dismissed as time–barred by the sixty–day Compact statute of limitations; however, these claims, unlike their 1987 Plan claims, would not have been barred by the three–year statute, since the plaintiffs' original complaints

This was probably due to their firm but misguided belief that their 1987 Plan claims were not new claims, but merely "extensions" of their claims against the 1984 Plan, and, as such, immune from the effects of any statute of limitations. *See, e.g.,* Pls.' Resp. to Mot. NO. 3 at 23; Pls.' 1993 Opening Br. at 33–36. *In fact the plaintiffs actually point out explicitly that the statute of limitations for the § 1983 claims accruing after 1985 is one year in California and two years in Nevada.* Pls.' 1993 Opening Br. at 30 n. 27. Unsurprisingly, they did not go on to point out that the application of these limitations periods would bar their 1987 Plan claims. Since plaintiffs were thus the first side to argue that these are the correct statutes of limitations to apply to § 1983 claims accruing after 1985, it would seem odd to allow the plaintiffs to prevent the defendants from raising that same argument now.

In any case, it certainly shows that the plaintiffs are not exactly being ambushed or taken unaware by this argument. In addition, the plaintiffs also had the opportunity to argue in their Opening Brief in favor of a statute of limitations which would have allowed their 1987 Plan claims to be brought at the times they filed their First Amended Complaints—that is, the five-year statute applicable to inverse condemnation claims in California (which the Ninth Circuit had even briefly considered as a viable option for takings claims—see discussion in note 3, *supra* ). So the plaintiffs have essentially already advanced all the arguments they could hope to make against the contention that their 1987 Plan claims are time-barred by the correct § 1983 statute of limitations. Thus the plaintiffs will suffer no prejudice if the defendants are allowed to raise this defense at the present time. Therefore, we hold that the defendants have *not* waived their right to raise the correct statute of limitations for § 1983 claims as a defense to the plaintiffs' claims against the 1987 Plan, and that the plaintiffs' claims against the 1987 Plan are in fact barred by this statute of limitations.

were filed within three years of the earliest date on which these claims could have been seen as having accrued (i.e., Ordinance 81–5 went into

*IT IS, THEREFORE, HEREBY ORDERED* that the motion (Doc. # 250, motion 3) for an order dismissing all the plaintiffs' claims against the 1987 Plan is hereby *GRANTED.*

effect on June 25, 1981, and the plaintiffs' original complaints were filed on June 25, 1984).